BOLLMAN v. WAMER.

1. ADMINISTRATOR—RENTS.—*It seems* that an administrator has no right to collect rents from the lands of his intestate after the year of the intestate's death.

2. INJUNCTION—RULE TO SHOW CAUSE—CHAMBERS.—A rule to show cause why a sale of the lands of an intestate, under judgments obtained against the administrator, should not be enjoined and a receiver of the estate appointed, having been heard at chambers preliminary to the hearing on the merits, relief could not be granted beyond the scope of the rule to show cause.

3. IBID.—IBID.—On the return to the rule to show cause, the injunction might issue, upon the ground of facts set forth in the return strengthening the case made by the complaint.

4. IBID.—ADMINISTRATION—SALE OF LANDS—PARTIES.—In action by a creditor of an intestate against other creditors and the administrator, to enjoin a sale of the intestate's land under a judgment obtained against the administrator, a preliminary injunction may issue, but no hearing on the merits should be had until the heirs at law are made parties by amendment.

5. IBID.—IBID.—IBID.—Where lands of an intestate are about to be sold under

a judgment against the administrator, and it appears that such sale may endanger the collection of other claims not in judgment, a preliminary injunction should issue, on the complaint of the latter creditors, restraining the sale.

Before WITHERSPOON, J., Colleton, February, 1892.

This was an action by Bollman Bros. Company against Joel C. Wamer, as administrator, Robert Black, sheriff, and Appleby & Co. The appeal was from the following decretal order:

The above entitled action is brought by plaintiff for the benefit of the creditors of D. A. Wamer, and seek to have the sale by the sheriff enjoined, and to have a receiver appointed to administer the estate of D. A. Wamer in equity. It is conceded that if the plaintiff has, or has had, an adequate remedy at law, a Court of Equity cannot afford relief. By the Constitution and statute laws of this State, the Court of Probate has jurisdiction in the administration of decedent estates. In granting letters of administration to the defendant, Joel C. Wamer, the Probate Court has assumed jurisdiction in the administration of the estate of D. A. Wamer. Under these circumstances, the Court of Equity is restricted in granting relief to those special circumstances and extraordinary reliefs which do not fall within the scope of the cognizance of the Probate Court, or for which its remedies are wholly inadequate. See note to 3 Pom. Eq. Jur., 116.

After hearing the verified complaint and the verified returns of the defendants, Joel C. Wamer and Appleby & Co., it seems to me that the Probate Court has jurisdiction, and can afford the relief to which plaintiff is entitled. The allegations of the complaint are not sufficient to authorize a Court of Equity to interfere in the administration of the estate of D. A. Wamer, under the authority of *Ragsdale* v. *Holmes*, 1 S. C., 96. In their verified return to the rule, the defendant, Joel C. Wamer, as administrator, and the defendant, Appleby & Co., each deny that there was any collusion or understanding, expressed or implied, between them with relation to the obtaining of the judgments by Appleby & Co. in the Trial Justice's Court. A creditor has the right to sue and obtain judgment against an

administrator upon the debt of his intestate. If proceedings were pending in the Probate Court to sell the real estate of D. A. Wamer, or a portion thereof, in aid of the personal assets, or in the event of the insolvency of the intestate estate, the plaintiff would have a better ground for seeking the aid of equity.

I do not think that the plaintiff is entitled to have a receiver appointed to administer the estate of D. A. Wamer, deceased, nor do I think that the restraining order granted by Judge Aldrich should be continued in force.

It is ordered and adjudged, that the rule issued January 29, 1892, by Judge Aldrich against the defendants in the above entitled cause be *discharged*, and that the restraining order of said date against said defendants be, and the same is hereby, *dissolved*.

The plaintiff appealed on the following grounds: 1. Because his honor erred in refusing to grant the temporary injunction prayed for by the plaintiff. 2. Because his honor erred in refusing to continue of force until the hearing of the cause the restraining order made by the Hon. James Aldrich in this cause. 3. Because his honor erred in dissolving the injunction granted by the Hon. James Aldrich. 4. Because his honor erred in holding that the Court of Equity was without jurisdiction in the cause. 5. Because his honor erred in holding that the Probate Court had jurisdiction to grant an injunction in this cause. 6. Because his honor erred in holding that the plaintiff had an adequate remedy in some other court, and that, therefore, the Court of Equity was without jurisdiction.

*Messrs. Howell, Murphy & Farrow,* and *Mordecai & Gadsden,* for appellants.

*Messrs. Fishburne & Gruber,* contra.

March 18, 1893. The opinion of the court was delivered by

Mr. Justice Pope. The complaint of the plaintiff alleged that David A. Wamer departed this life, in Colleton County, in this State, on the 12th day of July, 1890, and that John C. Wamer, his brother, obtained letters of administration of his

personal estate on the 15th September, 1890; that the intestate was, "at the time of his death, seized in fee and in possession of considerable real estate of great value, and a large amount of personal property, as the plaintiff is informed and believes;" that such administrator has made no proper returns of the personal property of his intestate, but only a return made of a few articles of little value, and that no return is made of certain mules, horses, tools, distillery, and other valuable personal property which came into the hands of the administrator; that, notwithstanding the valuable personal property and real estate of his intestate, the administrator has suffered the defendants, Appleby & Company, to take two judgments against him as such administrator in the court of a trial justice, one for $38.64, and the other for $80.76; that transcripts of such judgments, aggregating $119.40, have been filed in the office of the clerk of court for Colleton County, executions have been issued thereon, and, in pursuance thereof, Robert Black, as sheriff of Colleton County, has levied upon, and advertised for sale, to pay such two judgments, aggregating $119.40, a tract of land of intestate's estate, containing 450 acres, and of the value of $5,000; that the plaintiff is a creditor of the estate of intestate for nearly $1,000, and that he is informed that there are other creditors of the estate of the intestate. The administrator, Appleby & Company, and Robert Black, the sheriff, are made parties defendant.

The relief prayed for is, *first*, a judgment for plaintiff for the debt due by intestate against the administrator; *second*, that the sheriff be enjoined from making a sale of the lands or any other property of the intestate; *third*, that Appleby & Company and all other creditors be enjoined from prosecution of their claims by action at law, and that all creditors be required to prove their claims in this cause; *fourth*, that the assets of said estate be marshaled, that a receiver be appointed, and the further settlement of said estate be had in this court; *fifth*, for such other relief, &c.; *sixth*, costs.

This complaint was verified, and, upon an application thereunder by the plaintiff to his honor, Judge Aldrich, at chambers, on 27th January, 1892, an order was granted, requiring

the defendants to show cause before his honor, Judge Wither-spoon, at chambers, at Walterboro, on the 15th of February, 1892, why the sale of the lands of D. A. Wamer, deceased, described in the complaint, should not be enjoined until the final determination of the court, and why, in the meantime, a receiver should not be appointed to take charge of the estate of D. A. Wamer, deceased, and administer the same, under the direction of this court; and that, in the meantime, the defendant, Robert Black, be enjoined from selling the lands advertised, or other lands or property of the intestate's estate.

At the hearing of this rule to show cause before Judge With-erspoon at chambers, the plaintiffs submitted an affidavit from one of plaintiff's attorneys, wherein, amongst other things, it is alleged on information and belief that he has heard that D. A. Wamer had other lands besides the tract advertised by the sheriff for sale, but that one parcel has been assigned to the family of the intestate as a homestead, and the other sold to a firm in Charleston under a self-closing mortgage, and all with-out objection on the part of the administrator. The defendants, Joel C. Wamer, as administrator, and Appleby & Company, made very full returns, and amongst other things showed that the respondent, administrator, had caused an appraise-ment of the personal property of intestate to be made and returned to the Probate Court; that, on his petition, a sale was ordered by the Probate Court, and that he made such sale, but that of the proceeds of the same ($1,035), the sum of $1,014 was consumed in paying a chattel mortgage thereof, held by Silcox & Carrigan, for $1,000, and the costs of sale, leaving a balance on hand of $24; that he had collected from the rents due the estate of his intestate during the year he died, the sum of $167, and of this amount had paid $53 for taxes, leaving a balance of $113.85. The $24 (balance of sale) and the $113.85 had been applied to payment of counsel fees and a sum reserved for taxes.

Thus by his showing the personal estate in his hands is ex-hausted, and there is nothing more expected to come to him, except he has used and is using every endeavor to collect rents and otherwise realize upon assets to pay the debts.

Upon what principle of law he is proceeding to collect rents of land, we are not informed. What business an administrator has in interfering with rents after the year of his intestate's death, we are unable to conceive. It is very clear that, after the year of intestate's death, the rents belong to the heirs at law until impounded by some proceeding in equity. It is thus made manifest by this return of the administrator that the personal assets of the estate of the intestate are exhausted.

The returns go further, they admit the judgments of Appleby & Company, on two accounts held by that firm against intestate; that they have been transcripted and lodged in the office of the clerk, &c., and execution issued, land levied upon, advertised for sale, and no step taken by the administrator to prevent two judgments for $119 selling a $5,000 tract of land. Yet he says the plaintiff has abundant remedy at law, or in the Probate Court, and no status whatever in the Court of Equity.

On the hearing of the return and the rule, his honor, Judge Witherspoon, agreed with the respondents, and dismissed the rule dissolving the injunction and refusing the appointment of a receiver. The plaintiff now appeals.

It must be borne in mind that the hearing before Judge Witherspoon was at chambers, and not on the merits, but purely upon the rule to show cause why the injunction should not issue to prevent a sale of the lands in question and a receiver appointed. Under the decisions of this court in *Kinard* v. *DeWalt*, 19 S. C., 286, this being a motion preliminary to the hearing on the merits, it would have been error in Judge Witherspoon to grant a larger relief than that within the scope of the limits fixed by the order of Judge Aldrich.

It must also be borne in mind that the defendants, by the ample information conveyed to the court by their sworn answers and the exhibits accompanying the same—an action entirely voluntary on their part—have re-enforced the allegations of fact in the complaint, so that at the hearing before Judge Witherspoon, he was not confined to the weakness of plaintiff's showing as to the two issues alone before him, but

the solemn admissions of the defendants greatly strengthened an otherwise, so to speak, weak cause as made by the plaintiff. Let us see if this is not true. The plaintiff alleged that the personal estate was large. The defendants show by their return that it was not, and that what there was *has been legally exhausted*, so that now there is not a dollar of personal property in the hands of the administrator. The plaintiff alleged that intestate was seized of large and valuable real estate. The return does not contradict Mr. Murphy's affidavit, that all but the 450 acre tract has been taken from the estate without any objection by the administrator, respondent. The plaintiff alleged that other debts besides that held by himself were owing by the estate of the intestate. The return does not deny these facts.

The parties to this rule, on both sides, seem to ignore the right of the children of David A. Wamer to be heard, when they seek, on one side, to have the estate settled in the Court of Equity. By law, the title to all the lands of the intestate were devolved, by operation of law, on the death of D. A. Wamer, on his children, whose names, ages, and whereabouts are well known to each of these parties, as disclosed by the "Case" here. The court cannot act upon these lands without their presence before it as parties to this cause; *the title must be before the court*. To the hearing of this rule, it may not be necessary that these children be parties as yet, and in the power of amendments there is great efficacy.

We think the weakness in the plaintiff's complaint, by the allegation of such great value to the lands of intestate, it being so largely in excess of the aggregate of plaintiff's and defendant Appleby & Company's claims, may be considered as remedied by the allegation of other outstanding indebtedness of the intestate, whose amount, as well as holders, is unknown to plaintiff, which allegation is not contradicted by respondents.

The restraining order should have been continued, and it is the judgment of this court, that the order of Judge Witherspoon be reversed, and the cause remanded to the Circuit Court, with directions to grant such an order, provided the plaintiff applies at once to amend the complaint by

making the children of David A. Wamer, deceased, parties defendant. Upon failure of plaintiff to so move to amend the complaint, that relief should be denied and the complaint dismissed.