12536

BRAZELL v. MARKS

(145 S. E., 809)

*Mr. James S. Verner,* for appellant,

*Mr. C. T. Graydon* for respondent.

December 3, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This is an action for recovery of 35 acres of land and for $500.00 damages for withholding posession thereof. The complaint alleges that the plaintiff is the owner in fee

and is entitled to the actual possession of a tract of land containing 150 acres, being the western half of the 300-acre tract conveyed to William Brazell by E. D. Gilmore, by deed dated February 4, 1881, recorded in the office of the Clerk of Court for Richland County in Deed Book Q, page 311, said 300-acre tract represented by plat of S. G. Henry, surveyor, dated March 6, 1886, recorded in said Clerk's office, and that the defendant, over plaintiff's protest, was trespassing upon, claiming possession of, and withholding possession from plaintiff of, about 35 acres thereof, on the eastern side adjoining the lands of defendant. The defendant denies: (1) That plaintiff is the owner and entitled to the actual possession of, said tract of land, (2) that she is in possession of any land belonging to the plaintiff, or that she claims title to any land to which plaintiff has title; admits that she is in possession of about 35 acres of land which adjoins plaintiff's land on the east; and alleges that plaintiff has no right, title or estate in the same. Defendant then sets up Statute of Limitations for ten years, as to said 35 acres, and alleges that she, her grantor and predecessors, had been in open, notorious, continuous, and adverse possession thereof for more than ten and twenty years prior to the commencement of this action.

The action was tried by Hon. M. S. Whaley, Judge of the Richland County Court, and a jury, on the 12th day of October, 1926, and resulted in a verdict in favor of the plaintiff for the recovery of 32 acres of land. After the entry of judgment on said verdict, the defendant appealed to this Court upon four exceptions, which will be reported.

The facts giving rise to this action are, briefly, these:

On December 19, 1904, William Brazell and his nephew, George T. Brazell, plaintiff herein, entered into a written lease, whereby the said William Brazell leased a tract of land to the said George T. Brazell, described as follows:

"All that piece, parcel or tract of land, with the improvements thereon, situate, lying and being in the County of

Richland, State of South Carolina, containing one hundred and fifty (150) acres, more or less, and bounded as fol-. lows, to wit: On the north by lands belonging to Edward Marsh, on the east *by a line heretofore agreed upon* by the parties to this action, which divides the premises hereby leased from the other portion of the lessor's home place, on the south by lands belonging to Elizabeth Watts, and on the west by lands of Ann Freeman, for agricultural purposes."

The lease further provided that the lessee, George T. Brazell, was to hold for the term of four years, from the 1st day of January, 1905, and provided for an annual rental of $50.00, which should be due and payable on the 1st day of December of each year said lease was in force, with the further provision that the said lessee was to have the right and privilege of purchasing the said leased tract of land for the sum of $750.00, the payments to be made as provided by the terms of said lease; that if the payments stipulated in said lease should not be paid in accordance with the terms of the lease, then the contract of lease should become void and of no effect, otherwise to remain in full force; that upon the payment by the said George T. Brazell of the last payment, with interest, the said William Brazell was to execute and deliver to the said George T. Brazell a warranty title to the said tract of land described in the lease, free and unincumbered of all charges, mortgages, and other liens, This lease was recorded January 14, 1905.

Thereafter on the 4th day of November, 1905, the said William Brazell executed and delivered to Andrew E. Marks a deed, conveying in fee simple a tract of land in the county of Richland, State of South Carolina, containing 150 acres, more or less, and bounded as follows:

"On the north by lands of Harry Taylor; on the east by lands of Harry Taylor; on the south by lands of Elizabeth Watts; and on the west by lands of George Brazell, who. contracted to purchase a part of the William Brazell old home place. The tract hereby conveyed being *the remainder*

*of my Old Home Place,* George Brazell having previously purchased a part."

On July 7, 1915, the said Andrew E. Marks conveyed to his wife, Elizabeth Marks, defendant herein, the tract of land described in the deed from William Brazell to the said Andrew E. Marks.

On the 12th day of October, 1908, the said William Brazell executed a deed to said George T. Brazell, conveying in fee simple a tract of land in Richland County described as follows:

"Containing one hundred and fifty (150) acres, more or less, bounded on the north by lands of Edward Marsh; on the east by lands of Andrew Marks, formerly of William Brazell; on the south by lands of Elizabeth Watts; and on the west by lands of Ann Freeman, and being *the western one-half of the three-hundred-acre tract* conveyed to William Brazell by E. D. Gillmore by deed dated Feb. 4th, 1881."

This is the same land described in the aforementioned lease.

It will thus be seen that prior to the lease and conveyances above mentioned, the said William Brazell was the owner of a tract of land containing 300 acres. The eastern half was conveyed to Andrew E. Marks, and the western half to George T. Brazell. No dividing line was established between the two tracts of land so conveyed to George T. Brazell and Andrew E. Marks, and no established line was referred to in either deed. The lease does refer to an established line.

Testimony was introduced by the plaintiff tending to show that as a matter of fact at the time the lease was executed from the said William Brazell to the said George T. Brazell, no line was agreed upon and established, as stated in said lease, and that no line was ever established and agreed upon between him and the Marks. Testimony was introduced by the defendant tending to show that there was such an

established line, and that both George T. Brazell and Andrew E. Marks recognized the said line as a boundary line between the two tracts. This alleged line would give to the plaintiff 118 acres and to the defendant 182 acres.

Some time prior to the beginning of this action—the exact time does not appear—the plaintiff employed a surveyor, Mr. James C. Covington, who took the original plat of the William Brazell lands and undertook to divide the same into two parts, giving 150 acres on the eastern side to the defendant, and 150 acres on the western side to the plaintiff. To this survey, the defendant appears to have strenuously objected.

At the conclusion of plaintiff's testimony, the defendant moved for a nonsuit on the ground that the plaintiff himself testified that there was "no particular piece of land that he has title to which the defendant in this case has trespassed upon." The motion was refused.

At the conclusion of all the testimony, the defendant moved for a directed verdict in her favor on the ground that the plaintiff had sued for a specific tract of land containing 32 acres, alleged to be trespassed upon by the defendant; that the plaintiff had failed to show any evidence of title to this particular 32-acre tract of land; and that he had to recover upon his own strength of title to it. Passing upon this motion, the Court ruled as follows:

"Of course, here is a piece of land which has to be divided. You claim there is a line that is a certain place, and the other side claims it should be exactly in the middle with 150 acres on the east side. That is the thing to be decided here. You and Mr. Graydon are asking me to decide that. The dispute is so great that I could not locate that at all. I would be locating it as a matter of law if I directed this verdict. It is for the jury. There is no doubt about it. The thing goes both ways. I could not say as a matter of law that the line is agreed at a certain place, and the other that it has never been agreed to."

At the conclusion of the charge, the following transpired between the attorneys for the parties and the Court:

"Mr. Graydon: Mr. Verner and myself, in order to keep the jury clear agree that if the jury finds for the plaintiff that means that the land is for Brazell and $1.00. If they find for the defendant, the land is for Mrs. Marks and applies in any case only to 32 acres.

"The Court: With that agreement on the record, all the jury has to say, if they find for the plaintiff is: 'We find for the plaintiff.'

"Mr. Verner: In that connection, I would like for you to indicate, if they find for the plaintiff, that they find the land marked A, B, C, and D.

"The Court: In other words, if they find for the plaintiff, I will know by your agreement that this is the land that shall go to the plaintiff.

"Mr. Verner: That is correct. The land in dispute is A, B, C, and D."

It is manifest from plaintiff's complaint that he claims title to the western half of the William Brazell 300-acre tract. He had a deed to that half. He had a contract for the purchase of this half before the defendant's husband became the owner of the eastern half. The portion of said 300-acre tract embraced in the conveyance to defendant's husband was the "remainder of my Home Place"; that is, the part thereof left after cutting off the 150 acres described in the contract of sale from William Brazell to the plaintiff. The line which plaintiff's testimony tended to establish runs in an almost southern direction from the northern boundary of the said 300-acre tract, and divides said tract into two parcels containing 150 acres each. The line contended for by defendant is west and almost parallel thereto, thus leaving a strip between the two lines runing all the way across said 300-acre tract from north to south, designated on "Plaintiff's Exhibit 7" as A, B, C, and D—B, C being the line claimed by plaintiff, and A, D, the line claimed by defendant

—and referred to as the disputed area. It is thus seen that the line contended for by plaintiff would give 150 acres both to plaintiff and to the defendant, the amount specified and called for in and by their respective deeds, and the line contended for by defendant would give her 182 acres and plaintiff only 118, the disputed area containing 32 acres.

The defendant claims the disputed area, first, as being part of the land contained in the deed from William Brazell to her husband, and, second, by adverse possession. Plaintiff claims that the disputed area is a part of the 150 acres described in his lease and deed. The allegations of ownership in fee of the western one-half of the original 300-acre tract by plaintiff and the denial by defendant, and claim of ad-

verse possession by defendant, make up the issues. Plaintiff testified that he had cultivated portions of this disputed area shortly after he acquired title to the western half of the William Brazell tract of land, and that he had cultivated portions of it some two or three years before the trial of this case. Defendant likewise claimed to have cultivated portions of this disputed area. It is true that plaintiff was unable to precisely locate the dividing line, yet he is able to locate the disputed area. There was no misunderstanding by either plaintiff or defendant as to the particular area claimed by the plaintiff. Testimony tending to establish each line as the dividing line was offered. We can see no error, therefore, in refusing defendant's motion for nonsuit or for directed verdict. All issues were submitted to the jury. Under the agreement of counsel for plaintiff and defendant, the jury was instructed to find whether this disputed area belongs to plaintiff or defendant. They found for plaintiff. The verdict is amply supported by the evidence.

All the exceptions are overruled, and the judgment below is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.