14343

COOPER RIVER TIMBER CO. v. CONE

(187 S. E., 341)

Before MANN, J., Dorchester, September, 1933.

*Messrs. Legare Walker* and *J. D. Parler,* for appellant,

*Mr. John I. Cosgrove,* for respondent, 

July 30, 1936.

*Per curiam.*

The complaint in this action alleges among other things, that the plaintiff company and the defendant, Cone, are the owners of adjoining tracts of land in Dorchester County; that the defendant's tract contains 80 acres, which he purchased subject to a lease thereon held by the company, and under the terms of which it had until March 27, 1930, to remove the timber therefrom; that about September, 1926, the defendant employed one J. P. Gaillard, a civil engineer, to make a survey and a map of his 80-acre tract; that Gaillard made the survey, directed and assisted by Cone in running the lines and locating the corners, and in particular the line between the two properties; that shortly thereafter the map made by Gaillard was submitted by him, as the agent of the defendant, to one Cuthbert, agent of the plaintiff, and the latter accepted it as correct, particularly agreeing to the line designated thereon as the boundary between the lands of the plaintiff and those of the defendant; that after March 27, 1930, Cone secured the services of a surveyor by the name of Postell and had him to resurvey his 80-acre tract, and that in so doing Postell established a different boundary line between the two tracts, which the defendant now claims to be the true and correct line of division; that by this new survey certain valuable lands of the plaintiff were included

within the lines of the defendant's 80-acre tract, and there was excluded certain acreage in the northern corner of that tract which is entirely in a swamp and of little value; that the defendant "has repudiated the boundary line as established for him by the said J. P. Gaillard, and accepted by this plaintiff as the true and correct boundary line, and has attempted, and is still attempting, to claim to the line as resurveyed by the said J. A. Postell; and that this plaintiff has protested against, and has refused to accept, the said division or boundary line as changed by the said J. A. Postell as aforesaid"; that shortly after the resurvey by Postell, Cone removed certain markers set up by the company on the Gaillard line and has appropriated to his use plaintiff's fences built thereon and has carried away and concealed the corner posts and has threatened to remove and to appropriate to his own use any other fences constructed on the said line; that these acts and doings of the defendant were intentional and fraudulent and were for the purpose of defrauding and cheating the company out of its property; that the plaintiff has not an adequate remedy at law, and for this reason, as well as to prevent a multiplicity of suits and actions, seeks the aid of a Court of Equity to the end that the Gaillard line "be adjudged and decreed to be the permanent, true and correct division or boundary line" between the said two tracts of land, and to the further end that Cone be perpetually enjoined from further and other trespasses and entries upon the said property of the plaintiff. Judgment was asked against the defendant accordingly.

Upon application of the plaintiff, his Honor, Judge Oxner, issued a restraining order, *pendente lite;* and all the papers, including the summons and complaint, were served on the defendant on October 31, 1933.

The answer to the complaint admits that the company and Cone are adjoining landowners in Dorchester County, and alleges that, after the purchase by the defendant of his 80-acre tract in 1925, the plaintiff, through its agent Cuthbert,

approached him with regard to the line between the two tracts, and suggested that a survey be made, each paying one-half of the costs, Cuthbert, however, insisting that he should name the surveyor; that thereafter this agent of the company sent a surveyor by the name of Gaillard to the property for the purpose of running the line, and that the defendant accompanied him upon the land to assist him; that, when Gaillard refused, however, to follow the established marks and monuments, the defendant declined to accompany him further, and, when the plat made by Gaillard was presented to him by Cuthbert, he refused to accept it because it was contrary to the established marks and monuments fixing the boundary between the properties; that thereafter Cone employed one Postell, a surveyor who had established the line between the property of the plaintiff and that of the defendant in 1902, who again ran the boundary line in accordance with the marks and monuments theretofore fixed; that a copy of the original plat representing the Postell survey of 1902, as defendant is informed and believes, was actually in the possession of the plaintiff at the time it attempted to have Gaillard establish the line by his survey, and that the purpose of plaintiff was to mislead the defendant in having a resurvey made by a man employed by it and to defraud him in connection with the fixing of the boundary line; that the defendant "asserts full claim of right, title, ownership and possession to said tract of eighty acres, together with the timber thereon as shown on said Postell plat"; that a Court of equity has no jurisdiction of the cause, for the reason that the plaintiff has a plain, adequate, and complete remedy at law; that the cause involves the title to a disputed tract of land lying between the properties of the plaintiff and the defendant, and that the right of action, if any, of plaintiff is one at law for trespass to try title and not a suit in equity; and that "neither plaintiff nor any of its grantors or predecessors have been in possession of the land in dispute in this cause, or any part thereof, within ten years last past before the commencement of this

action; and that defendant, his predecessors and grantors, have been in open, notorious, continuous hostile and avowed adverse possession of the same for more than ten years past before the commencement of this action."

It appears that the next step taken was in August, 1934, when counsel for plaintiff served the attorney for defendant with notice that they would move, at the time named, the Honorable M. M. Mann, Judge of the first Circuit, at chambers, for a general order of reference. Judge Mann, upon the hearing of argument in the matter, refused the motion and directed that the case be docketed on Calendar 1 of the Court of Common Pleas for Dorchester County. From his order this appeal is taken.

It is contended, in the first place, that "the order is beyond the terms of the notice and motion to refer, the motion being preliminary to a hearing on the merits and no notice of motion to transfer to Calendar 1 having been given."

Counsel for appellant cite several cases in support of this contention, but they are not conclusive of the question. While it appears that the Court, as a general rule, when a motion is made preliminary to the hearing of a case upon the merits, may not grant relief beyond the limits or scope of the notice of the motion, this is not true in all cases. In *De Walt v. Kinard,* 19 S. C., 286, where this question was considered, it was said: "It seems to us that there is error in going beyond what the party is notified will be asked for, as it may be that he would not desire to oppose the granting of that, but would be disposed to contest the granting of anything more unless it appeared, as it does not in this case, that the party was present at the hearing and decision of the motion and had an opportunity of being heard upon the question of granting such further relief."

In the case at bar, the motion for a general order of reference was opposed by the defendant and was fully argued at the hearing, according to the Court's

order, by counsel in the case. Judge Mann had before him the pleadings, and in reaching a conclusion necessarily fully analyzed them. This is seen from his refusal of the motion upon the ground that "the material issues in this cause present questions of fact which are properly triable by jury." Having reached such a conclusion, he ordered the case placed on Calendar 1 for the trial of such issues. Counsel for the plaintiff were present at the hearing and decision of the motion and had full opportunity of being heard, and no doubt were fully heard, on the question of the Court's authority to order the case so docketed. There is no contention here to the contrary. Nor is there any intimation that counsel for plaintiff, not expecting the Circuit Judge to go beyond the limits of the notice of the motion, were not prepared at the time to meet such question; in other words, to fully present the position of the plaintiff on that point. We think that Judge Mann, in the circumstances disclosed, had authority to order the case docketed on Calendar 1, and that there was no error as complained of.

The other question presented by the appeal is whether the cause is one solely in equity. The appellant contends that the Court must look to the complaint alone to determine such fact; that, if a party elect to bring a cause in equity, equity will have jurisdiction, if it is disclosed by the complaint that features of equitable cognizance are alleged—citing *Uxbridge Co. v. Poppenheim,* 135 S. C., 26, 133 S. E., 461; *McRae v. Hamer,* 148 S. C., 403, 146 S. E., 243.

We are not in agreement with this unqualified claim of the appellant. In the *Uxbridge case* the defendants demurred to the complaint on the ground that it did not state a cause of action. The Court, therefore, considered the complaint alone; its allegations being admitted for the purposes of the demurrer, in determining whether a cause of action of any kind was stated. It was alleged that a dispute existed between the parties as to the boundary line of their lands, such

line having never been definitely established by either of them; that plaintiff had attempted to have such line amicably ascertained and adjusted, but that the defendants refused to enter into any agreement, or to take any steps, by which the location of the line might be definitely fixed. Neither party knew, or claimed to know, the correct line between the properties. It was held, by a divided Court, that a cause of action in equity was stated, and the demurrer was overruled.

The appeal in the *McRae case* also had to do with a demurrer to the complaint. The jurisdiction of a Court of equity was sustained upon the alleged ground that one of the parties had maliciously destroyed the monuments, marks, and line trees; the Court pointing out that this fact in cases of disputed boundaries presents a case for equitable intervention. The Court further stated that certain facts alleged in the complaint presented a second feature of equitable cognizance, the prevention of a multiplicity of suits; and that "either is sufficient to sustain the complaint against a demurrer."

In the case at bar, a different situation is presented. The plaintiff, as is seen, alleges that the dividing line between the two tracts of land was agreed upon by it and the defendant, and that such line was fixed by the Gaillard survey. By his answer the defendant denies that any such agreement was entered into, and alleges that he expressly rejected the line run by Gaillard as the true line of division. He also alleges that the survey by Postell established and fixed the true dividing line, and pleads title to and possession of the lands in dispute. There is clearly tendered by the pleadings the issue of title as to the lands lying within these disputed lines, such issue arising upon the pleadings.

"Issues arise upon the pleadings when a fact or conclusion of law is maintained by the one party and controverted by the other." Section 588 of the Code.

In *Walsh v. Evans,* 112 S. C., 131, 99 S. E., 546, this Court held that "whenever the issue is made by the pleadings,

no matter by which party, that circumstance fixes the character of the action." See, also, *McCreery Land & Inv. Company v. Myers*, 70 S. C., 282, 49 S. E., 848; *Brazell v. Marks*, 148 S. C., 187, 145 S. E., 809; and *Welch v. Carter*, 151 S. C., 145, 148 S. E., 697.

It was not intended by the order of Judge Mann that any strictly equitable issue should be submitted to the jury. The isue of title alone will be determined by them. This, of course, involves the question of whether, as alleged by the plaintiff, the defendant agreed to the Gaillard line as the true dividing or boundary line between the two tracts of land. Should the jury find that the plaintiff's contention as to that is true, then the equitable remedy of injunction would follow. The contention of the appellant, that the cause is one solely in equity, is not sustained.

The order appealed from is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate.