### 14956

COOGLER v. CALIFORNIA INS. CO. OF SAN FRANCISCO, CAL.
SAME v. LONDON ASSURANCE OF LONDON, ENGLAND

(5 S. E. (2d), 459)

April, 1939.

*Messrs. Joseph L. Nettles, Williams & Cocke* and *Smith, Smith & Bloodworth,* for appellants,

*Messrs. Hamilton, Gaston & Hamilton,* for respondent,

November 2, 1939.

*Per curiam.*

In the spring of 1938 the respondent, a citizen and resident of Chester County, South Carolina, purchased a house and lot, together with certain household goods, located at Bat Cave, North Carolina. On July 13th of that year respondent obtained from the appellant, California Insurance Company, a policy insuring him against loss through damage by fire to the house, in the sum of $2,800.00. At the same time he obtained a policy from the appellant, The London Assurance of London, insuring him against loss by fire of his household goods, in the sum of $700.00. These policies were written by the local agents of the respective appellants in Asheville, North Carolina.

The house and its contents were destroyed by fire on July 22, 1938.

The appellants are foreign corporations, and maintain no offices or agents in Chester County. Upon their refusal to pay the loss, actions were brought upon the policies in Chester County, but upon motion of the appellants were dismissed. Thereafter, on December 23, 1938, the present actions were commenced in Richland County, and service of the summons and complaint in each case was made upon the agents of the two appellants in that county. There was a notice attached to the summons and complaint in each case, that a motion would be made to change the venue from Richland County to Chester County.

On February 13, 1939, respondent served notices of motions to change the place of trial from Richland County to Chester County, the motions being based upon the third subdivision of Section 426 of the 1932 Code, which provides that the Court may change the place of trial "when the con-

venience of witnesses and the ends of justice would be promoted by the change.".

The notice was accompanied by an affidavit of the respondent to the effect that he was a lifelong resident of Chester County; that following the destruction of his house and household goods by fire, he had been indicted in the Superior Court of Henderson County, North Carolina, and "charged with a criminal offense" in connection with the fire; that his wife and four children are material witnesses with reference to the value of the house and its contents, the damages suffered, and the circumstances under which it burned, all of which were or would be issues in the pending cases. And he further stated that it would be very inconvenient for him and for his wife and children to attend Court in any county except Chester.

The wife of the respondent and his four children likewise made affidavits, which were attached to the motion papers, setting forth that they were residents of Chester County and material witnesses by reason of facts known to them in connection with the fire which destroyed their home, and that it would be very inconvenient for them to attend court in any county other than Chester. There was also an affidavit from the respondent's physician, in which it was stated that the respondent had been confined to his home on account of illness, continuously for four or five weeks, and that it would be inconvenient for him and his wife—who is not a strong woman—to attend Court outside of Chester County this time or at any time in the near future. And the doctor expressed the opinion that the respondent would not be relieved of his present illness at an early date. All of the affidavits referred to asserted that to attend Court in any county other than Chester would involve a burdensome expense upon the respondent.

The motions were heard together in Columbia on April 6, 1939, before the Honorable A. L. Gaston, who at that time was presiding over the Court of Common Pleas for

Richland County. The appellants appeared, attacked the sufficiency of the showing made by the respondent, and contested the right to the relief sought. The motions were not immediately decided, but thereafter in an order, the date of which does not appear in the record, the motions were refused for the reasons therein stated, but the Court *sua sponte* ordered that the venue be changed from Richland County to Fairfield County.

The appeal challenges the correctness of the latter ruling, it being asserted that the order is erroneous in that no motion had been made to change the place of trial to Fairfield County. It is argued, and the argument is borne out by the record, that the appellants had no intimation from the motion papers, nor at the hearing, that a change to Fairfield County was desired or contemplated, and that they have had no opportunity to advance their grounds of opposition to the removal to that county.

It appears from the order that the venue was not changed to Chester County because of the fact that the Clerk of Court of that county is the father-in-law of the respondent, and would under the law participate in the drawing of jurors who would serve in the Court of Common Pleas for that county, unless an extra venire should be drawn as provided for in the Acts of 1936. It further appears from the order that Winnsboro, the county seat of Fairfield County, is 28 miles south of Chester, and much nearer to Chester than is the City of Columbia, which is the county seat of Richland County, and that it would be more convenient to the respondent and his witnesses to attend Court in Fairfield County than in Columbia. The Court also expressed the opinion that an earlier trial of the case could be had in Fairfield County than in Richland County because of the condition of the respective calendars.

The general rule undoubtedly is that the moving party should be confined to the relief asked for in his motion or specified in the notice thereof, or at most to

relief necessarily incident thereto. *DeWalt v. Kinard,* 19 S. C., 286. We think the order was erroneous, because the relief granted is entirely different from that asked for, and was without notice to the appellants. Section 448 of the Code requires that four days' notice of motions be given. The purpose of the requirement evidently was to enable parties to prepare to meet the issues raised by the notice of motion, but if the object of the motion can be shifted without notice, the requirement of a notice becomes a nullity. ·

It was said in *Blakely & Copeland v. Frazier,* 11 S. C., 122, that in order to warrant a change on the grounds stated in the third subdivision of Section 426 of the Code, it must be shown by the allegations and proofs of the parties that such grounds for the action demanded exist, and further that "the order of the court interfering with the right secured by the statute, can only be supported when resting on such allegations and proofs".

In *DeWalt v. Kinard, supra,* the Court held that "when a motion is made preliminary to the hearing of a case upon the merits, it seems to us that there is error in going beyond what the party is notified will be asked for, as it may be that he would not desire to oppose the granting of that, but would be disposed to contest the granting of anything more unless it appeared, as it does not in this case, that the party was present at the hearing and decision of the motion and had an opportunity of being heard upon the question of granting such further relief."

And see *Bollman v. Wamer,* 38 S. C., 464, 17 S. E., 223.

In the case at bar, the appellants were present at the hearing of the motion, which was confined to a consideration of whether the place of trial should be changed from Richland County to Chester County, but they have had no opportunity to be heard upon the question of whether the case should be transferred to Fairfield County.

It would seem to be plain, upon well-settled and fundamental principles, that no order or judgment affecting the

rights of a party to the cause should be made or rendered without notice to the party whose rights are to be thus affected, for otherwise a party would be deprived of his day in Court.

For these reasons we think the judgment must be reversed.

Judgment reversed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.