0813

Nancy Jaquith LYNN, Respondent v. William Louis LYNN, III, Appellant.

(350 S. E. (2d) 403)

Court of Appeals

*James H. Moss* of *Moss, Bailey & Dore,* Beaufort, *for appellant.*

*Peter L. Fuge* of *Harvey & Battey,* Beaufort, *for respondent.*

Heard Sept. 23, 1986.

Decided Nov. 3, 1986.

Shaw, Judge:

In this domestic action, the respondent-wife, Nancy Jaquith Lynn, petitioned the family court to: 1) order the appellant-husband, William Louis Lynn, III, to pay arrearages in alimony and child support, 2) find the husband in contempt for failing to comply with the divorce decree, and 3) order the husband to pay her attorney's fees. The husband counterclaimed for a modification of alimony and child support and a cancellation of arrearages. The husband appeals from the court's findings on the issues of attorney's fees, enforcement of the divorce decree, and contempt. We affirm.

In cases on appeal from the family court, this court may find facts according to its own view of the preponderance of the evidence. *Walker v. Frericks*, 285 S. C. 139, 328 S. E. (2d) 126 (Ct. App. 1985).

These parties were divorced in October of 1982. The divorce decree incorporated an Agreement of the parties. The Agreement requires the husband to pay to the wife $200,000.00 lump-sum alimony in 180 monthly installments of $1,111.11. The Agreement also requires the husband to pay to the wife $625.00 monthly child support for each of the parties' two children. The Agreement specifies both parties' acknowledgment the Agreement is fair and was fully explained to them by their attorneys.

The husband is a licensed gynecologist and obstetrician. His income between 1982 and 1984 remained virtually the same. He opened his practice in Beaufort prior to the execution of the Separation Agreement in 1980 but chose not to be a practicing obstetrician. His income from his private practice had increased since the divorce but he was "terminated" from employment from the Director of the Clinic when he declined an offer of full time employment from which he had earned supplemental income in addition to his income from his own practice. He worked at three different clinics during 1983 and for four clinics during 1984.

The family court found, while it could not modify the parties' Agreement, it could, under the Agreement's terms, alternate payment terms. Thus, the court temporarily reduced the monthly payment required of the husband by one-

half. The court granted the wife leave to petition to have the full payment restored once the husband's financial problems are solved. The court further ordered the husband to pay the arrearages and the wife's attorney's fees. Finally, the court found the husband in contempt for failing to abide by the divorce decree.

The husband claims the family court erred in 1) ordering him to pay the wife's attorney's fees, 2) enforcing the parties' Agreement, 3) holding him in contempt, and 4) refusing to consider the wife's income in determining whether there is a change of circumstances.

## I.

The husband argues the family court erred in awarding attorney's fees without setting forth findings of fact supporting his decision, as required by Family Court Rule 27(C). While we again urge family court judges to specifically set forth such factual findings, we find, in this case, the award is supported by the record. *Sumter v. Sumter*, 280 S. C. 94, 311 S. E. (2d) 88 (Ct. App. 1984).

## II.

The husband alleges the family court erred in enforcing the parties' Agreement because no family court has ruled the Agreement is fair. The Agreement was incorporated into the divorce decree, dated October 1, 1982. The husband did not appeal the October, 1982, Order and, thus, cannot raise the issue now.

## III.

The husband also argues the family court erred in holding him in contempt because he made a good faith effort to comply with the divorce decree.

Although a finding of contempt should be imposed sparingly, it is a matter within the trial judge's discretion. The judge's finding will not be disturbed unless it is without evidentiary support. *Haselwood v. Sullivan*, 283 S. C, 29, 320 S. E. (2d) 499 (Ct. App. 1984).

The family court found the husband's financial circumstances were largely a result of his own choosing. The husband, at the time of the hearing, was living

with another woman and her children. The family court found the husband was assisting with their support. In 1983 and 1984, the husband failed to pay any alimony for months. It is patent from the record the husband could have paid some alimony, even if not the entire sum. We find no abuse of discretion by the family court.

## IV.

Finally, the husband argues the family court erred in not considering the wife's income as a change of circumstances warranting a modification of alimony.

First, the Supreme Court has made it clear lump sum alimony may not be modified, even if it is payable in installments, unless the divorce decree reserved the power to amend. *Darden v. Witham*, 258 S. C. 380, 188 S. E. (2d) 776 (1972).

Second, even if the alimony here could be modified, we agree with the family court the husband anticipated the wife re-entering the work force at the time of the Agreement. Thus, the fact the wife now earns an income is not a sufficient change of circumstances to modify the alimony. *Brown v. Brown*, 278 S. C. 43, 292 S. E. (2d) 297 (1982).

Affirmed.

SANDERS, C. J., and LITTLEJOHN, J., concur.