23815

PELICAN BUILDING CENTERS OF HORRY-GEORGETOWN, INC., d/b/a/ Myrtle Beach Lumber Company, Inc., Plaintiff v. Willie B. DUT-TON, Southern National Bank of South Carolina, C.E. Rowell, d/b/a C.E. Rowell Construction Company, and Tysinger Electric Company Defendants; and Willie B. DUTTON, Plaintiff v. C.E. ROWELL, individually and d/b/a/ C.E. Rowell Construction Company, Defendant v. PELICAN BUILDING CENTERS OF HORRY-GEORGETOWN, INC., d/b/a Myrtle Beach Lumber Company, Inc., Southern National Bank of South Carolina, and Tysinger Electric Company, Third-Party Defendants, of whom C.E. Rowell, individually and d/b/a C.E. Rowell Construction Company is Respondent/Appellant, and Willie B. Dutton is Appellant/Respondent.

(427 S.E. (2d) 673)

Supreme Court

*Willard D. Hanna, Jr.* and *V. Lee Moore,* of *Harris & Hanna, P.A.,* Surfside Beach, *for appellant/respondent.*

*Steven H. John,* North Myrtle Beach, *for respondent/appellant.*

Heard Jan. 21, 1992.

Decided Feb. 22, 1993.

FINNEY, Justice:

Appellant/Respondent Willie B. Dutton appeals the order of the circuit court which granted respondent/appellant C.E. Rowell a new trial *nisi additur,* or in the alternative, a new trial on the issue of damages only. We reverse.

This controversy arose out of a March 1989 oral agreement between Dutton and Rowell. Rowell, the builder, previously had built a home for his daughter. He showed pictures of the home to the Duttons. They asked Rowell to build them a house like it, and Rowell agreed. Building commenced based on the parties' oral agreement. Dutton alleges Rowell agreed to construct a house for Dutton to contain 1,600 feet when complete at a cost not to exceed $45,000. When completed, the house contained approximately 1,800 square feet, and Dutton had paid $46,451. Dutton refused to pay the additional sum of $19,332.73 Rowell claimed Dutton owed for labor and materials, and in October of 1989, Rowell filed a mechanic's lien against Dutton's property.

By complaint dated December 28, 1989, Dutton instituted suit against Rowell alleging fraud and breach of contract accompanied by fraudulent acts, sought actual damages of $1,451 plus prejudgment interest and punitive damages, and requested a jury trial. Rowell answered by way of general denial and asserted counterclaims for collection and foreclosure of his mechanic's lien in the amount of $19,332.73. Rowell made Southern National Bank of South Carolina a party defendant as a result of its mortgage on the subject property. Pelican Building Centers of Horry-Georgetown, Inc., d/b/a Myrtle Beach Lumber Company, Inc. (Pelican), was made a party by virtue of its mechanic's lien of October 11, 1989, filed against Dutton and the subject property. Due to its notice and certificate of mechanic's lien filed August 22, 1989, Tysinger Electric Company was also made a party defendant.

Pelican's action for mechanic's lien was consolidated with this action prior to trial. All parties agreed to be bound by the

disposition of the action between Dutton and Rowell.

The precise terms of the oral contract were hotly disputed by the parties at trial. The Duttons testified that Rowell had agreed to build the house for a set price of $45,000. They maintained the price covered the entire house as it eventually was built. Rowell, on the other hand, testified the parties had determined no set amount. He maintained the understanding was that the Duttons would pay for the costs of the structure once completed, plus labor costs. Rowell also testified the Duttons agreed to assist with the construction and be responsible for the well, septic tank and preparing the site for building. Additionally, Rowell maintained the Duttons made numerous modifications once the building had begun. Both parties submitted corroborating evidence to support their claims. Rowell submitted several invoices for building materials. He admitted at trial, however, several of the invoices included items not used in the Duttons' house.

The jury found in favor of Rowell but awarded him only $3,427 on his counterclaim. Pursuant to Rule 59, SCRCP, Rowell immediately moved for a new trial *nisi additur* in the range of $17,204.06 to $18,677.00 based upon evidence adduced during the trial. The trial judge orally granted a new trial *nisi additur* in the amount of $10,004.06. The trial court's subsequent written order granted a new trial *nisi additur* of $10,004.06 or, in the alternative, a new trial on the issue of damages only. The court found that the 240-square-foot error, at a cost of $30 per square foot, would reduce Rowell's recovery by the sum of $7,200. The trial court's *additur* of $10,004.06 represented the lower of the two amounts claimed by Rowell in his motion, less $7,200 deducted for the square footage in excess of 1,600 square feet.

The trial court's written order dated October 16 1990, provided that unless Dutton accepted the *additur* within ten days of the order, Rowell would be entitled to a new trial on the issue of damages only. Relying upon *Industrial Welding Supplies v. Atlas Vending Co.*, 276 S.C. 196, 277 S.E. (2d) 885 (1981); *Jones v. Ingles Supermarkets, Inc.*, 293 S.C. 490, 361 S.E. (2d) 775 (Ct. App. 1987); and *Chiappetta v. Orr*, 293 S.C. 250, 359 S.E. (2d) 530 (Ct. App. 1987), the trial judge concluded that the best interests of justice and judicial economy would be served by a new trial only on the issue of damages.

Dutton appeals, contending the trial court erred in the following particulars:

I. In granting a new trial *nisi additur* in an amount outside the range requested by the respondent;

II. In issuing a written order not in conformity with its previous oral order;

III. In granting a new trial *nisi additur;* and

IV. By granting, in the alternative, a new trial on the issue of damages only.

To support his contention that the relief granted was improper, the appellant cites *Coogler v. California Ins. Co.,* 192 S.C. 54, 5 S.E. (2d) 459, 460 (1939), in which the Court held that a movant should be restricted to the relief requested in his motion. We hold that *Coogler* is not controlling under the factual scheme here in that the rule in *Coogler* was intended to apply only in instances where the opposing party did not receive notice of the motion or had no opportunity to be heard on the merits of such motion. *See Cooper River Timber Co. v. Cone,* 181 S.C. 288, 187 S.E. 341 (1936). In our case, counsel for appellant was present and availed himself of the opportunity to be heard on the merits of the motion for a new trial *nisi additur.*

Next, appellant argues that the oral and written orders of the trial judge were inconsistent in that the written order afforded the additional alternative relief of a new trial on the issue of damages only. This exception is raised for the first time on appeal. We have adhered to the rule that where an issue has not been ruled upon by the trial judge nor raised in a posttrial motion, such issue may not be considered on appeal. *SSI Medical Services, Inc. v. Cox,* 301 S.C. 493, 392 S.E. (2d) 789 (1990): *Hoffman v. Powell,* 298 S.C. 388, 380, S.E. (2d) 821 (1989). Appellant asserts that his failure to interpose an objection in the circuit court was due to the fact that he was unaware until he received the written order that the respondent would be granted a new trial as to damages only if appellant failed to accept the *additur.* We note that Rule 59(e), SCRCP, provides for a motion to alter or amend judgment and preserve the record for appeal.

The trial court erred in granting a new trial *additur;* and second, that it was error to grant a new trial, alternatively, on the sole issue of damages. We agree.

Motions for a new trial on the ground of either excessiveness or inadequacy of the verdict are addressed to the sound discretion of the trial judge, but such discretion is not absolute. *Toole v. Toole,* 260 S.C. 235, 195 S.E. (2d) 389 (1973). The reviewing court has the duty to review the record and determine whether there has been an abuse of discretion amounting to an error of law. *Id.* A new trial *nisi additur* may be ordered when the verdict is merely insufficient based on the evidence. However, compelling reasons must be given justifying invading the jury's providence in this manner. *Jones v. Ingles Supermarket,* 293 S.C. 490, 361 S.E. (2d) 775 (Ct. App. 1987).

In this case, the trial judge properly charged the jury they could believe as much or as little of each witness' testimony as they deemed proper. However, immediately prior to ordering a new trial *additur,* the trial judge commented, "[i]f [the jury] had found for Mr. Dutton, I would have had no problem with that. There was evidence to find for Mr. Dutton. Having found for Mr. Rowell, I don't see any rationale with the figure they came up with." The trial judge obviously believed the jury had to find all of the terms of the oral contract as alleged either by Rowell or the Duttons. The trial judge ignored the possibility that the jury could have found the agreement consisted of the base price quoted by the Duttons as modified by the inclusion of some additional items which were added after the base price was determined. Significantly, the Duttons' house differed from Rowell's daughter's house in that it had brick veneer siding, a fireplace and additional insulation. The price of these items would account for the jury verdict for Rowell over the price already paid by the Duttons. We hold the trial judge's granting of new trial *additur* was based on an error of law and reverse.

Further, the trial judge's order provided that if the *additur* were not accepted, the new trial would be for damages only. A new trial on damages alone is not warranted unless the evidence presented indicated that a directed verdict on the issue of liability would have been proper. S.C. Code Ann. § 15-33-135 (Supp. 1991). The trial judge noted there was evidence to support a verdict for Dutton. Therefore, a directed verdict would not have been appropriate in this case. Accordingly, the trial judge erred in granting a new

trial on damages alone if the *additur* were refused. The issue raised in the cross appeal of Rowell are mooted by our disposition of this case.

Accordingly, we REVERSE and reinstate the jury verdict.

HARWELL, C.J., and TOAL and MOORE, JJ., concur.

CHANDLER, A.J., not participating.