**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David J. Mattox, Appellant,

v.

Lisa Jo Bare Mattox, Respondent.

Appellate Case No. 2019-001827

———————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-236
Submitted May 2, 2022 – Filed June 1, 2022

———————

**AFFIRMED**

———————

John Martin Foster, of Rock Hill, and Michael Langford Brown, Jr. and Zachary Michael Merritt, both of Law Office of Michael L. Brown, Jr., of Rock Hill, all for Appellant.

John P. Gettys, Jr. and James Nathanial Pierce, both of Morton & Gettys, LLC, of Rock Hill, for Respondent.

———————

**PER CURIAM:** David J. Mattox appeals the circuit court's order affirming the probate court's denial of his motion for relief from its prior order, in which the probate court held David's brother, Jonathan Mattox, died intestate, leaving his

wife, Lisa Jo Bare Mattox, as his sole heir. On appeal, David argues (1) he was entitled to relief under Rule 60(b), SCRCP, due to the discovery of Jonathan's original will, which was outside of David's possession, and there was no lack of due diligence in his failure to discover the will before the original proceeding; (2) the probate court erred in relying on evidence outside the record; and (3) he was entitled to relief pursuant to section 62-3-412 of the South Carolina Code (2022) because he was effectively unaware of the original will's existence. We affirm.

1. The circuit court did not err in affirming the probate court's denial of David's Rule 60(b) motion. On appeal, David failed to properly challenge the probate court's finding that Lisa established her entitlement to an omitted spouse share pursuant to section 62-2-301 of the South Carolina Code (2022), making this finding the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *McClurg v. Deaton*, 395 S.C. 85, 87 n.2, 716 S.E.2d 887, 888 n.2 (2011) ("It is axiomatic that an issue cannot be raised for the first time in a reply brief."). As an omitted spouse, Lisa receives the same share of Jonathan's estate as if he had not left a will, and the discovery of the original will does not change the result of the probate court's original order. *See* S.C. Code Ann. § 62-2-301(a) (2022) (stating an omitted spouse "shall receive the same share of the estate [s]he would have received if the decedent left no will"); *Jamison v. Ford Motor Co.*, 373 S.C. 248, 272, 644 S.E.2d 755, 767 (Ct. App. 2007) (holding that in order to receive a new trial based on newly discovered evidence, the moving party must establish that the newly discovered evidence "(1) *will probably change the result if a new trial is granted*; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching" (emphasis added)).

2. David's argument that the probate court erred in relying on evidence outside the record is not preserved for appellate review because he did not raise this issue to the probate court. *See Ulmer v. Ulmer*, 369 S.C. 486, 491, 632 S.E.2d 858, 861 (2006) (holding an issue was not preserved for the circuit court's review because the appellant failed to raise the issue to the probate court in a post-trial motion).

3. David's argument he was entitled to relief pursuant to section 62-3-412 is not preserved for appellate review because the probate court did not rule on this issue, and David failed to make a post-trial motion to the probate court requesting a ruling. *See In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("South Carolina courts 'have adhered to the rule that where an issue has not been ruled upon by the trial judge nor raised in a post-trial motion, such issue may

not be considered on appeal.'" (quoting *Pelican Bldg. Ctrs. v. Dutton*, 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993))); *id.* (holding that because a party did not raise an issue to the probate court, it could not raise that issue to the circuit court).

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.