**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kimberly Santos, Respondent,

v.

Stephen Santos, Appellant.

Appellate Case No. 2024-001050

———————

Appeal From Chester County
Coreen B. Khoury, Family Court Judge

———————

Unpublished Opinion No. 2026-UP-156
Submitted March 2, 2026 – Filed April 1, 2026

———————

**AFFIRMED**

———————

Stephen Santos, of Rock Hill, pro se.

Robin M. Lalley, of Sodoma Law, P.C. of Rock Hill, for Respondent.

———————

**PER CURIAM:** Stephen Santos (Father) appeals the family court's order holding him in civil contempt for failing to pay child support. On appeal, Father argues the family court erred when it (1) failed to find "this action" was barred by nunc pro tunc, (2) violated his right to free speech, and (3) imposed an immediate consequence of incarceration as well as collateral consequences through prior orders. We affirm pursuant to Rule 220(b), SCACR.

First, to the extent Father argues the family court erred in failing to find Kimberly Santos's contempt petition is barred by nunc pro tunc, we hold this issue is not preserved for appellate review because Father did not raise this issue to the family court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Pelican Bldg. Ctrs. of Horry-Georgetown, Inc. v. Dutton*, 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993) (providing an issue that has neither been ruled upon by the trial court nor raised in a post-trial motion is not preserved for appellate review and will not be considered on appeal); *id.* (explaining that a post-trial motion to alter or amend is the proper avenue to preserve an issue for appeal when the issue appears for the first time in the trial court's final order); *Stanley v. S. States Benevolent Ass'n, Inc.*, 435 S.C. 524, 527, 868 S.E.2d 412, 414 (Ct. App. 2021) (stating that "[w]hen a party receives an order containing relief not requested or contemplated, the party must present its objections," to the court in a post-trial motion, such as a Rule 59(e) [of the South Carolina Rules of Civil Procedure] motion, to preserve the issue for appeal); *id.* at 528, 868 S.E.2d at 414 ("This gives the trial court the opportunity to consider and rule upon the issue in the trial setting after it has been refined by fact-finding and sharpened by argument."); *id.* ("This in turn allows [the appellate court] to provide the meaningful consideration only a complete record provides.").

Second, we hold Father's argument that the family court violated his free speech rights by ordering him to pay for counseling services is not preserved for appellate review because it was not raised to and ruled upon by the family court during the rule to show cause hearing. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.")

Third, we hold Father's contention that the appealed order directs immediate consequences and that prior orders imposed collateral consequences lacks merit because this appeal is not the proper procedural vehicle to raise such a claim; rather, any challenge to the effects of the final order for custody and child support was required to be brought through a direct appeal or appropriate post-judgment motion in that action, and, absent such action, the final order for custody and child support remains the law of the case and controls. *See Lynn v. Lynn*, 290 S.C. 359, 362, 350 S.E.2d 403, 405 (Ct. App. 1986) (holding the family court did not err in holding that the husband could not challenge the enforcement of the alimony and

child support provisions on appeal from the contempt order, having failed to raise that issue in an appeal from the divorce final order); *Doran v. Doran*, 288 S.C. 477, 478, 343 S.E.2d 618, 619 (1986) (providing that when a family court issues a final order which neither party appeals, that order becomes the law of the case).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.