17864

Hazel M. BROWN, Appellant, v. Tulley A. BROWN, Respondent
(123 S. E. (2d) 772)

*Jack H. Page, Esq.,* of Conway, *for Appellant,*

*Messrs. Long & Long,* of Conway, *for Respondent,*

January 29, 1962.

LEWIS, Justice.

The appellant and respondent are wife and husband respectively. They were married in 1957 and lived together until May, 1960, when the wife left her husband and brought this action in the Civil Court of Horry County for a divorce *a mensa et thoro.* The wife was granted support and maintenance *pendente lite,* but, upon a hearing on the merits, the trial Judge denied her further support from her husband upon the ground that she was substantially at fault in the separation and dismissed the complaint. She has appealed from these findings of the lower Court.

The wife left the home provided for her by the husband and charged him with physical cruelty and conduct which made it impossible for her to continue to live with him. The husband denied these charges and alleged that she was not entitled to the relief sought because she brought about all

disagreements which arose between them. After hearing the testimony, the trial Judge concluded that the wife was substantially at fault in the separation and that her conduct provoked the difficulties of which she complains, so as to deprive her of any right to separate support and maintenance from her husband.

The exceptions challenge the foregoing factual findings of the trial Judge and, since this is an equity case, it is necessary that we review the evidence to determine whether or not such findings are supported by the preponderance of the evidence. In reviewing the evidence for such purpose, we do so with due regard to the findings of the lower Court and to the fact that the trial Judge who saw and heard the witnesses was in a better position than we to determine their credibility. *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171; *Inabinet v. Inabinet,* 236 S. C. 52, 113 S. E. (2d) 66; *Simonds v. Simonds,* 232 S. C. 185, 101 S. E. (2d) 494; *Twitty v. Harrison,* 230 S. C. 174, 94 S. E. (2d) 879. In such cases, great weight is accorded the findings of fact of the trial Judge for, as stated in *Lee v. Lee,* he "saw the witnesses, heard the testimony delivered from the stand, and had the benefit of that personal observance of and contact with the parties which is of peculiar value in arriving at a correct result in a case of this character."

The wife testified that the husband struck her violently and without cause on at least four occasions while they were living together and that he brought into the home, over her objections, his grandchildren with whom it was impossible for her to live. The wife says that it was mainly for these reasons that she was forced to leave her husband.

After their marriage the parties resided on the husband's farm in Horry County. This was the second marriage for both. The wife was about forty-two years of age, according to the estimate of one witness, and the husband sixty-two. There were children of the prior marriages and the husband had grandchildren.

It appears that shortly after their marriage, the parties began having disagreements, mostly about money, property and the husband's grandchildren. These disagreements resulted, at times, in rather violent arguments during some of which blows were struck. There is testimony that the wife, while in a fit of anger, would strike her husband. The husband admits slapping her lightly on two or three occasions.

He says that he slapped her when she called him a liar and on another occasion during an argument which followed the taking by the wife of some of his money. It appears that on the latter occasion the wife took a check belonging to the husband, endorsed his name thereon and deposited it in the bank to her credit, along with $300.00 obtained by her from the husband's pocketbook without his knowledge. This money was later returned to the husband before the institution of this action. When the husband found out about the actions of his wife in taking the money, an argument ensued, during which he says that, because of the belligerence of the wife, he slapped her.

While the wife has testified at length concerning the charges of physical cruelty, it is reasonably inferable from the record that no physical damage resulted to her from any of these encounters, or that any fear of serious bodily harm was entertained on her part. Neither does the record show that the separation resulted because of any such acts.

The last argument between the parties concerned the presence of the husband's grandchildren in the home. The wife testified that the husband brought his grandchildren to live with them, which she opposed because they were so abusive and disrespectful to her that she could not tolerate them in the home. The husband denies this and says that the grandchildren were only brought to the home on the occasion in question for a short time because they had no where to go. The record supports the conclusion that they were brought into the home temporarily under the following circumstances: The grandchildren, who lived with their parents in

Washington, D. C., were abandoned by their father while their mother was confined in a hospital. This resulted in their custody being assumed by the Department of Public Welfare in Washington. Upon being notified that the grandchildren were in the custody of the Welfare Department, under the above circumstances, their grandfather, the defendant, went to Washington and brought them to his home for a short time until permanent arrangements could be made for their care. The wife objected to the presence of the grandchildren in the home and when the husband brought them there a violent argument resulted between the parties. After this difficulty about the grandchildren, the wife left the home and within a few days brought this action.

There is other testimony in the record concerning arguments about money matters, the buying of a television, and whether the husband should convey his property to the wife, which it would serve no useful purpose to review. We think, however, that the foregoing fairly represents the nature of the difficulties which the wife claims necessitated her separation from her husband. While the evidence is in sharp conflict on the material issues and presents neither party in the best light, it supports the conclusion that the wife invited arguments and pursued them rather diligently and vigorously at times, substantially provoking and bringing about the difficulties of which she now complains. The trial Judge so concluded and we cannot say that he was in error.

While we have held that a wife need not be wholly blameless in order to recover in an action of this kind, "if she is chargeable with substantial fault or misconduct, either by way of act or omission, which materially contributed to the disruption of the marital relation or induced the action by the husband upon which she relies to justify their separation, she is precluded from maintaining a proceeding for separate maintenance." Nelson on Divorce and Annulment, Second Edition, Volume 3, Section 32.21, cited in *Miller v. Miller*, 225 S. C. 274, 82 S. E. (2d) 119.

The record here amply supports the conclusions of the trial Judge that the wife was substantially at fault in the separation and materially provoked the difficulties of which she now complains. Under such circumstances she is not entitled to separate support and maintenance.

In the consideration of this matter the lower Court drew adverse inferences as to the credibility of the wife's testimony from her failure to call her personal physician and her son-in-law to testify in support of her charges of physical cruelty against her husband. In doing so, it is charged that error was committed. Allegedly, the doctor treated the wife and her son-in-law was present on two occasions when it was claimed that she was physically abused by the husband. Whether such adverse inferences were properly drawn by the lower Court need not be decided for, after carefully reviewing the record, we find that the conclusions of the trial Judge were amply supported by the testimony without the aid of such inferences. See: *Foster v. Taylor,* 210 S. C. 324, 42 S. E. (2d) 531; *Spearman v. F. S. Royster Guano Co.,* 188 S. C. 393, 199 S. E. 530.

Affirmed.

TAYLOR, C. J., and Moss and BUSSEY, JJ., concur.