## 19160

William O. McMANUS, Appellant, v.
Lula Mae McDowell McMANUS, Respondent

(179 S. E. (2d) 34)

*James J. Raman, Esq.,* of Spartanburg, *for Appellant.*

*James R. Turner, Esq.,* of Spartanburg, *for Respondent,*

February 2, 1971.

LEWIS, Justice:

The appellant-husband brought this action in the Family Court of Spartanburg County to obtain a divorce from his wife, the respondent, upon the grounds of adultery and ha-

bitual drunkenness. The issues were referred to the master who found that the charges of adultery and habitual drunkenness had not been sustained by the greater weight of the evidence. The lower court concurred in the factual findings of the master and accordingly entered an order denying the divorce, from which the husband has prosecuted this appeal. His exceptions allege that the concurrent factual findings of the master and the trial judge were contrary to the clear weight of the evidence.

Our review is controlled by the settled principle that in a divorce case findings of fact by a master or referee, concurred in by the trial judge, will not be disturbed by this court unless such findings are against the clear preponderance of the evidence. *Long v. Long,* 247 S. C. 250, 146 S. E. (2d) 873; *Brown v. Brown,* 239 S. C. 444, 123 S. E. (2d) 772.

The testimony relating to the charges was such that the issues could only be resolved by a determination of the credibility of the witnesses, which the trier of the facts was in a better position to evaluate than this Court. We find no basis upon which to upset the conclusions reached by the lower court on the issue of credibility.

Since we affirm the judgment of the lower court, a review here of the testimony would serve no useful purpose and would only further spread upon the record the details of the charges which have been dismissed because not sustained by the greater weight of the evidence. We have, however, carefully considered the evidence and are of the opinion that it adquately supported the findings and conclusions of the master and the trial judge.

The judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.