19360

Eugene G. SKINNER, Appellant, v. Martha C. SKINNER, Respondent

(186 S. E. (2d) 523)

LITTLEJOHN, J., concurred and filed opinion.

*Paul N. Uricchio, Jr., Esq.,* of Charleston, *for Appellant,*
cites:

*Henry B. Smythe, Esq.,* of *Buist, Moore, Smythe & Mc-Gee,* Charleston, *for Respondent,* cites:

January 20, 1972.

LEWIS, Justice.

This action was instituted by the appellant, Eugene G. Skinner, against the respondent, his wife, for a divorce and confirmation of a property settlement and agreement as to child support and alimony. A final decree was entered by the presiding judge of the Ninth Circuit granting the relief sought by the husband. Subsequently, under a motion filed by the wife, the presiding judge vacated and set aside his first decree and, upon materially different factual findings, entered a second decree in which the alimony and child support payments were substantially increased. This appeal by the husband challenges the authority of the presiding judge,

under the motion before him, to vacate and set aside his first decree.

The parties to this action were married on January 26, 1947 and have three children. After extended marital difficulties, the parties separated on December 25, 1964 and, admittedly, have continuously lived separate and apart since that time. Thereafter, on October 9, 1967, they entered into a written property settlement agreement which also contained provisions for the payment by the husband of $250.00 per month, as alimony, and $300.00 per month support for the three children. One of the children has since become emancipated and support for only two of them is presently involved. The above agreement was apparently the basis for the husband's contributions to the wife for alimony and child support until the institution of the present action.

Subsequently, the husband instituted this action on May 14, 1969, for a divorce on the ground that the parties had been continuously separated for more than three years without cohabitation, and also sought confirmation of the foregoing property settlement and agreement as to alimony and support for the minor children. The answer of the wife asked that the above agreement be set aside upon the ground that she had signed it under duress, and that the court award a reasonable amount for alimony and child support independently of the property settlement and agreement. A cross-action was also filed by her for a divorce from the husband on the ground of desertion.

After hearing exceptions to the report of the master, to whom the issues were referred, the presiding judge entered a decree, dated October 22, 1970, in which he upheld the property settlement and agreement for child support and alimony; awarded a divorce upon the ground that the parties had been continuously separated for three years without cohabitation, Section 20-101, 1970 Supplement to 1962 Code of Laws; denied the wife's claim for divorce on the ground of desertion; and directed the husband to pay the

sum of $750.00, as counsel fees, to the wife's attorney. Upon a finding that "the record does not reflect any change of circumstances since the signing of the agreement" and that the wife's misconduct caused the separation of the parties, the husband, in accordance with the approved agreement for support and alimony, was directed to pay to the wife the sum of $250.00 per month, as alimony; and the further monthly sum of $200.00, $100.00 each, for the support of the two children, whose custody was awarded to the wife.

Since the trial judge found that the disruption of the marital relations was due to the misconduct of the wife, she was not entitled to an award for alimony, *Brown v. Brown,* 239 S. C. 444, 123 S. E. (2d) 772, except upon the basis of the approved property settlement and agreement as to support, in which the husband agreed to pay alimony in the amount of $250.00 per month. The award of alimony was therefore based solely upon the previous agreement of the husband. It was also found that there had been no change in conditions to warrant increasing the amount agreed upon for child support.

The record indicates that the husband has been voluntarily contributing to the support and education of the children, in addition to the monthly payments agreed upon, and this fact, no doubt, influenced the lower court in determining the amount of the fixed monthly payments for child support.

No appeal was filed by the wife from the above final decree of October 22nd. Instead, on October 28th, she noticed a motion before the presiding judge "for an order *amending* the provisions of his order in the within case dated October 22, 1970," upon the ground "that the provisions for support are clearly and grossly inadequate."

The judge heard the above motion upon the original record in the case and issued a decree, dated January 11, 1971, in which he made no reference to the motion, under which the matter was before him, but instead, stated that the "mat-

ter comes before me upon exceptions to master's report." The previous decree of October 22nd was then vacated and set aside as having been entered "under a misapprehension as to the facts in this case"; and the issues were redetermined. This resulted in an increase in the award of alimony from $250.00 per month to $425.00, and the amount of child support from $100.00 to $125.00 per month for each child.

The husband has appealed from the decree of January 11, 1971 upon several grounds. We find it necessary to consider only the contention that the presiding judge, in vacating and setting aside his previous decree of October 22nd, exceeded his authority and decided questions beyond the limit or scope of the noticed motion.

One of the basic purposes of a notice of motion is to apprise the opposing party of the relief sought and the grounds therefor. Ordinarily a court may not grant relief beyond the limits or scope of such notice. *Ford v. Calhoun,* 53 S. C. 106, 30 S. E. 830; *Coogler v. California Ins. Co.,* 192 S. C. 54, 5 S. E. (2d) 459; *Wildhagen v. Ayers,* 225 S. C. 384, 82 S. E. (2d) 609.

The notice of motion in this case was for an order *amending* the support provisions of the decree of October 22nd solely upon the ground that the amount awarded was *inadequate.* There was no motion to reconsider the factual findings upon which the right to alimony and support was based. The judge had previously determined, in effect, that the wife was not entitled to alimony apart from the agreement and that there was no change in conditions which would justify an increase in child support above that previously agreed upon. The authority to review these issues was not encompassed within the motion to modify the provisions for support on the ground of inadequacy. The decree of January 11, 1971 must, therefore, be reversed.

Our decision is based upon the conclusion that the trial judge exceeded the limits and scope of the particular motion before him. We do not reach the question of whether, assuming such a motion, a circuit judge has the authority, under the circumstances, to vacate a final decree previously entered by him and redetermine the issues in the case.

The decree of January 11, 1971 is accordingly reversed and the cause remanded for entry of judgment under the decree of October 22, 1970.

Moss, C. J., and BUSSEY and BRAILSFORD, JJ., concur.

LITTLEJOHN, J., concurs in result only.

LITTLEJOHN, Justice (concurring):

I concur in the result of the opinion by Mr. Justice Lewis, but under a different reasoning.

I am of the opinion that when the judge's order of October 22, 1970 was filed with the clerk of court it became a final judgment. No authority has been cited for a judge to review his own decrees in this State, and I know of none. The sole remedy of either party who felt aggrieved was an appeal to this Court.

In my view the judge should have dismissed the motion on the ground that he had no authority to redetermine the issues, and I would reverse the order because of his failure to so dismiss the motion.