## 21090

Alvin Ray SALVO, Appellant, v. HEWITT, COLEMAN & ASSOCIATES, INC., Respondent.

(260 S. E. (2d) 708)

*George L. Jones* and *Walter Bilbro, Jr.,* Charleston, *for appellant.*

*G. Dana Sinkler, of Sinkler, Gibbs & Simons,* Charleston, *for respondent.*

November 26, 1979.

GREGORY, Justice:

This action was commenced by appellant Alvin Ray Salvo seeking damages for personal injuries. The lower court granted respondent Hewitt, Coleman's motion for summary judgment. We affirm.

On November 17, 1967, appellant was an employee of Sumter Builders, Inc., a company engaged in the general business of electrical contracting. While being elevated in a "bucket" apparatus along with a fellow worker, appellant's body came in contact with high voltage electricity. He fell from the bucket to the pavement below, suffering severe and permanent injuries as a result of the electrical shock and fall. At the time of the accident appellant was not wearing insulated boots or shoes.

Sumter Builders qualified under the provisions of the South Carolina Workmen's Compensation Act as a self-insurer, and through its parent corporation[1] had contracted with respondent to administer its self-insurer program under the Act. This included the processing of on-the-job injury claims.[2]

---

[1] Sumter Builders, Inc., was at that time a subsidiary of Boyle Construction Company, Inc.

[2] Appellant applied for and received Workmen's Compensation benefits of more than $41,000.00 from Sumter Builders, Inc., and its excess insurer.

The contract, entitled "Service Agreement," executed by Sumter Builders and respondent provided in addition to the administration of the self-insurer program that:

B. The services to be performed by the (respondent) shall include:

(6) The furnishing of inspection and safety engineering services.

Appellant contends that this provision of the contract created and imposed upon respondent certain duties to inspect and train Sumter Builders' employees in personal safety protection, the breach or negligent performance of which directly and proximately caused appellant's injuries. Respondent denies owning those duties. The original complaint in this action also alleged that the injuries "were directly and proximately caused by the fact that the (appellant) was not wearing insulated boots or shoes."

Appellant's theory of liability is set forth in the Restatement of Torts, Second, as Section 324A:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

The threshold factual inquiry is to determine the scope of the services bargained for under the contract's paragraph B(6) above. It is axiomatic that this Court must construe the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to appellant when review-

ing a summary judgment. *Marchant v. Lorain Division of Koehring,* 272 S. C. 243, 251 S. E. (2d) 189 (1979). If the evidence in that light clearly fails to reveal any genuine issue of fact, then summary judgment will be affirmed. See cases collected in West's South Carolina Digest, *Judgment,* at Key 181(2).

So considering the evidence before us,[3] we find that the scope of the services contemplated by the parties under paragraph B(6) of the Service Agreement was unequivocally as follows:

1. Respondent was limited to monthly inspections of line safety equipment consisting only of line hose, rubber blankets and insulator hoods not in use by the crew at the inspection site.

2. Respondent had no authority nor was he expected to train, instruct, or inspect appellant or any other employee as to the use of personal safety equipment, such as insulated boots or shoes.

The record reflects without challenge that the responsibility for training and inspecting employees rested with the supervisors and crew foremen of Sumter Builders. This responsibility was in accordance with the independent safety program[4] of Sumter Builders and was clearly set forth in the safety manual prepared for use by Sumter Builders personnel.

In addition, the policy of Sumter Builders was to place full responsibility for testing personal safety equipment on the employee himself. The purpose of this policy was to instill upon the employee that he should rely on no one but himself to check his personal lifesaving equipment. The psy-

---

[3] The order granting summary judgment was based upon the pleadings, three depositions and exhibits attached thereto. Representatives of both parties to the Service Agreement gave depositions in which the scope of the services intended under paragraph B(6) was the main area of inquiry.

[4] At the time respondent and Sumter Builders entered into the Service Agreement, Sumter Builders already had in effect a safety program for its employees which continued in effect in conjunction with the services offered by respondent.

chological effect of this personal responsibility was thought by the company to increase the employee's awareness of the importance of employing proper safety procedures.

Appellant offered no evidence to contradict or even challenge the above factual showing of respondent, and apparently chose to rely on his pleadings and his interpretation of the deposition testimony.

We have held that where a plaintiff relies solely on his pleadings and makes no factual showing in opposition to that presented by the moving party defendant, the lower court is required to award defendant summary judgment if the facts presented entitle him to it. *Garrett v. Reese,* 262 S. C. 327, 204 S. E. (2d) 432 (1974) ; accord, Rule 44(d), Circuit Court Rules of Practice. All factual allegations of appellant's pleadings were squarely faced and disproved by respondent's depositions. See *Title Insurance Company of Minnesota v. Christian,* 267 S. C. 71, 226 S. E. (2d) 240 (1976).

In our view, the evidence fails to show, nor is it susceptible of any reasonable inference to support, appellant's bare allegation that respondent owed or performed the duties charged, or that respondent in any way assumed such duties. Nor can we discern any reliance by either appellant or Sumter Builders upon respondent performing such duties. There is likewise an absence of any evidence to support negligence on the part of respondent in performing its actual duties, or that its performance in any way increased the risk of harm to appellant.

Consequently, no issue of fact is made out which would support liability under Section 324A of the Restatement of Torts, Second [5], or otherwise. Having failed to establish a

---

[5] Several cases from the Fifth Circuit have been called to our attention which address the theory of liability under Section 324A. Although we deem it unnecessary to explore these cases in depth for the purposes of this opinion, we find the factual circumstances presented by them to be strikingly similar, and cite with approval the following: *Stacy v. Aetna Casualty & Surety Company,* 484 F. (2d) 289 (5th Cir. 1973); *Tillman v. Travelers Indemnity Company,* 506 F. (2d) 917 (5th Cir. 1975): *Davis v. Liberty Mutual Insurance Company,* 525 F. (2d) 1204 (5th Cir. 1976).

factual issue as to the duty alleged to be owed by respondent, there can be no liability either in tort or in contract. Summary judgment was proper.

Error is also charged in awarding summary judgment based upon grounds not clearly set forth in respondent's motion. The ground relied upon by the lower court was: "3. It is conclusively established that the (respondent) had no contractual obligation to the employer or to the (appellant) to provide the services which are alleged to have given rise to the (appellant's) injuries."

A notice of motion must apprise the opposing party of the relief sought by the moving party and the grounds therefor. *Skinner v. Skinner,* 257 S. C. 544, 186 S. E. (2d) 523 (1972). Appellant asserts that the ground alleged insufficiently apprised him of the tort issues upon which the motion was decided. We disagree. His complaint, which sounding in tort, alleged the existence of the contract and the duties arising therefrom as a basis for liability. There was no surprise.

Even if the notice were insufficient, appellant fully argued the issues without objection at the hearing, and later submitted a proposed order disposing of these issues. Thus, relief was properly granted in any event. *Cooper River Timber Co. v. Cone,* 181 S. C. 288, 187 S. E. 341 (1936).

Appellant next contends the lower court erred in failing to rule on his motion to amend his Complaint. That motion was argued simultaneously with the motion for summary judgment. The proposed Amended Complaint stated an additional theory of liability based on breach of the Service Agreement to which appellant was alleged to be a third-party beneficiary. In our view, the lower court adequately disposed of the issues before it as to both motions. The allegations of the Amended Complaint would not have saved appellant from summary judgment under the reasoning of the lower court's order, even if the motion had been granted.

Other issues raised by appellant are without merit. We affirm under Rule 23 of the Rules of Practice of this Court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.