0658

Francis Y. TURBEVILLE, Appellant v. Vernon E. FLOYD and J. C. Yarborough, d/b/a Floyd and Yarborough Farm Center, Respondents.

(341 S. E. (2d) 651)

Court of Appeals

*William E. Durant, Jr.,* of *Schwartz, McLeod, Durant & Young,* Sumter, *for appellant.*

*William A. Bryan,* of *Bryan & Welch,* and *James R. Epps,* of *Floyd & Epps,* Lake City, *for respondents.*

Heard Jan. 20, 1986.

Decided March 24, 1986.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court granting summary judgment to respondents Vernon E. Floyd and J. C. Yarborough, d/b/a Floyd and Yarborough Farm Center in an action for abuse of process brought against them by appellant Francis Y. Turbeville. We reverse and remand.

The material facts can be summarized as follows:

On May 5, 1967, Mrs. Turbeville and her husband, Mr. Turbeville, leased a lot in Clarendon County from the South Carolina Public Service Authority for a term of forty years.

On January 24, 1978, Mr. Turbeville assigned his interest in the lease to the Small Business Administration as security for a loan. The assignment provided that "[i]f said loan is repaid, this Assignment shall cease, determine and be void; but if said loan is not repaid when due, this Assignment shall be absolute." Mr. Turbeville subsequently defaulted on the loan and declared bankruptcy. The loan was discharged during the course of the bankruptcy proceedings.

On November 1, 1982, Floyd and Yarborough recorded a judgment against Mr. Turbeville in Clarendon County which they had previously obtained against him in Sumter County.

On February 16, 1983, an execution was issued to the sheriff of Clarendon County directing him to satisfy the judgment out of the personal or real property of Mr. Turbeville.

On February 18, 1983, the sheriff levied against the leasehold interest of Mr. Turbeville in the lot and thereafter issued a notice it would be sold at public auction on April 4, 1983.

On March 14, 1983, Mr. Turbeville brought an action against Floyd and Yarborough in the United States Bankruptcy Court seeking an order canceling the judgment. As a result of this action, the sale by the sheriff was postponed.

On March 18, 1983, the Small Business Administration assigned to Mrs. Turbeville the interest in the lease previously assigned to it by Mr. Turbeville.

On April 29, 1983, the Bankruptcy Court denied the relief sought by Mr. Turbeville.

On May 12, 1983, the sheriff issued a second notice that the leasehold interest of Mr. Turbeville in the lot would be sold at public auction on June 6, 1983.

On June 1, 1983, the lawyer for Mrs. Turbeville wrote a letter to the lawyer for Floyd and Yarborough advising him that Mr. Turbeville did not have any interest in the lot to which their lien could attach and that their pursuit of the scheduled sale by the sheriff would give rise "to a cause of action for abuse of process, harassment and defamation of character." A similar letter was sent to the sheriff. Notwithstanding these letters, the sale by the sheriff was held as scheduled.

Mrs. Turbeville then brought the instant action alleging in essence that Floyd and Yarborough had wrongfully caused her property to be sold. Floyd and Yarborough answered and served notice of a motion for summary judgment on three grounds: (1) the property which was sold by the sheriff was not the property of Mrs. Turbeville; (2) the sale as well as the execution and levy was done through legal process issued by the court and conducted by the sheriff; and (3) Mrs. Turbeville is estopped from maintaining this action because of her failure to assert her rights prior to sale pursuant to § 15-55-70, Code of Laws of South Carolina, 1976.

A hearing was held on the motion before the Circuit Court at which time the lawyer for Floyd and Yarborough argued summary judgment should be granted on the three grounds set out in the notice of motion, and the lawyer for Mrs. Turbeville argued summary judgment should not be granted on these grounds. The Circuit Court then issued its order granting summary judgment, not on any of the three grounds set out in the notice of motion, but instead, on the ground that Mrs. Turbeville's complaint does not allege any ulterior purpose of Floyd and Yarborough or any wilful act by them to use the process other than in the regular course. *See Rycroft v. Gaddy,* 281 S. C. 119, 125, 314 S. E. (2d) 39, 43 (Ct. App. 1984) ("The essential elements of abuse of process are: first, an ulterior purpose and second, a wilful act in the use of process not proper in the regular conduct of the proceeding.").

"One of the basic purposes of a notice of motion is to apprise the opposing party of the relief sought and the grounds therefor." *Skinner v. Skinner,* 257 S. C. 544, 549, 186 S. E. (2d) 523, 526 (1972). "Ordinarily, a court may not grant relief beyond the limits or scope of such notice." *Id.* However, our Supreme Court has indicated in dicta that the Circuit Court may grant a motion for summary judgment on a ground not included in the notice of the motion if the ground is fully argued before the court without objection. *See Salvo v. Hewitt, Coleman & Associates,* 274 S. C. 34, 260 S. E. (2d) 708 (1979).

In the instant case, the motion for summary judgment was granted on a ground neither included in the notice of motion nor argued before the Circuit Court. For these reasons, the order of the Circuit Court is reversed and the case is remanded for further proceedings. Of course, we express no opinion regarding the merits of the abuse of process action.[1]

Reversed and remanded.

GARDNER and BELL, J.J., concur.

---

[1] This is precisely the result recently reached by our Supreme Court in *Friedberg v. Goudeau,* 279 S. C. 561, 309 S. E. (2d) 758 (1983). There, as here, the court reversed an order of the Circuit Court granting a motion for summary judgment on a ground not properly before the court, declining to address the merits of the action.