1257

Barry A. PRICE, Appellant v. The CITY OF GEORGETOWN, a municipal corporation and duly constituted political subdivision of the State of South Carolina; H. E. Bonnoitt, Jr., in his official capacity as Mayor of the City of Georgetown; Sam Bonds, Lenora F. Walters, Herbert Knox, Lynn Wood Wilson, Paul Smith, and Claude M. Daniels, in their official capacities as members of the City Council of the City of Georgetown, South Carolina, Respondents.

(375 S. E. (2d) 334)

Court of Appeals

*Thomas J. Rubillo*, of *Rubillo & Thomas*, Georgetown, *for appellant.*

*Patrick James Doyle*, Georgetown, *for respondents.*

Heard Oct. 12, 1988.

Decided Nov. 28, 1988.

GARDNER, Judge:

Barry A. Price (the landowner) petitioned the City of Georgetown and its officers (the City) to rezone his property from R-1 (residential) to GC (general commercial). The City denied the request and the landowner appealed to the circuit court. On appeal, the City moved for summary judgment on the ground of *res judicata.* The circuit court granted summary judgment on the ground of *res judicata,* collateral estoppel and on the merits. The landowner appeals. We reverse and remand.

## ISSUES

The issues of merit on appeal are whether (1) the trial judge erred in finding the doctrine of *res judicata* applicable to the facts of this case, (2) the trial judge erred in holding the doctrine of collateral estoppel applicable and (3) the trial judge erred in addressing the merits of the case before her.

## FACTS

In 1985 a previous owner requested the City to rezone the subject property from residential to commercial. The City denied the request and the circuit court affirmed on appeal. The previous landowner did not appeal further. The present landowner subsequently purchased the property.

The subdivision restrictions on the property expired and the landowner filed new deed restrictions limiting use of the property to residential or professional office use. In 1986, more than 12 months after the previous landowner's request, the present landowner requested the City to rezone this same property for commercial use so that he could use it for a real estate office. The City denied the request on its merits and the landowner appealed to the circuit court.

The landowner asserted three causes of action in challenging the City's ruling. His first challenge or cause of action claimed the City's decision was erroneous, arbitrary and capricious. The second cause of action claimed an equal protection violation by alleging that the City had granted rezoning requests to similarly situated persons during the 12 months preceding the landowner's request. The third cause of action alleged another equal protection violation by claiming that the City's property, adjoining the landowner's property, was used by the City for non-residential purposes although it was subject to the same zoning classification.

The City moved for summary judgment on the ground of *res judicata,* claiming the previous owner's request barred the landowner's present request. The trial judge granted the motion on the ground of *res judicata* and collateral estoppel and also ruled in favor of the City on the merits. The landowner appeals.

## I.

The *res judicata* doctrine originated in the principle that the public interest requires an end of litigation. *First National Bank of Greenville v. U. S. Fidelity & Guaranty Co.,* 207 S. C. 15, 35 S. E. (2d) 47, 162 A. L. R. 1003 (1945).

In the case before us, the City has elected to pass an ordinance[1] which frustrates the finality of a ruling by

---

[1] The Zoning Ordinance of the City of Georgetown, South Carolina, Section 1302.1.

the zoning board if the landowner simply waits a year and brings another action. Under the ordinance, a property owner is allowed to bring successive rezoning requests every 12 months. The successive requests may be brought by the same landowner, for the same change, on the same property. Under these circumstances the doctrine of *res judicata* is in effect abolished insofar as it might relate to any year-old ruling of the zoning board of the City. We hold, therefore, that the trial judge erred in granting summary judgment on the ground of *res judicata.*

Moreover, the doctrine of *res judicata* is generally ■ held to be nonapplicable to a change of zone case because changing a zone is a legislative act of the zoning authority (the Georgetown City Council in the case before us), which has discretion to change its determination without any showing of changed circumstances. *See Loh v. Town Plan and Zoning Commission,* 161 Conn. 32, 282 A. (2d) 894 (1971), which was reported as a lead case in 52 A. L. R. (3d) 486 (1973). *Also see* Annotation entitled *Zoning Board's Grant Of New Application For Zone Change, Variance, Or Special Exception After Denial Of Previous Application Covering Same Property Or Part Thereof,* 52 A. L. R. (3d) 494 (1973). Generally, however, absent a statute such as the one enacted by the City of Georgetown in the case before us, changed circumstances are required to grant a variance or special exception previously denied. 52 A. L. R. (3d) at 499-502.

## II.

The appealed order used the words *res judicata* and ■ collateral estoppel interchangeably, and this is understandable because in this state the doctrine of collateral estoppel has been usually stated in conjunction with the related doctrine of *res judicata;* however, the following quote from material entitled "Offensive Collateral Estoppel," prepared by the Honorable Karen LeCraft Henderson, Judge of the U. S. District Court for South Carolina, for the South Carolina Judicial Conference of August 24, 1984, is most applicable; we quote:

In South Carolina, the doctrine of *collateral estoppel* is

usually stated in conjunction with the related doctrine of *res judicata:*

> *The doctrines of res judicata* and collateral estoppel are, of course, two different concepts. A final judgment on the merits in a prior action will conclude the parties and their privies under the doctrine of *res judicata* in a second action based on the same claim as to issues actually litigated and as to issues which might have been litigated in the first action. Under the doctrine of collateral estoppel, on the other hand, the second action is based upon a different claim and the judgment in the first action precludes relitigation of only those issues 'actually and necessarily litigated and determined in the first suit.' Stewart, *Res Judicata and Collateral Estoppel in South Carolina,* 28 S. C. L. Rev. 451, 452 (1977).

*Beall v. Doe,* [281] S. C. [363], 315 S. E. (2d) 186, 189 n. 1 (S. C. App. 1984). The modern trend is to refer to *collateral estoppel* as *issue preclusion* and to *res judicata* as *claim preclusion.* 46 Am. Jur. (2d) *Judgments* Section 397; *see also,* RESTATEMENT (SECOND) OF JUDGMENTS Section 27 at 250 (1982).

In the case in hand, the motion for summary judgment by the City was made on the grounds of *res judicata;* collateral estoppel was not included in the motion. The Court of Common Pleas may not grant summary judgment on a ground neither included in the notice of motion nor argued before the trial court. *Turbeville v. Floyd,* 288 S. C. 171, 341 S. E. (2d) 651 (Ct. App. 1986). We find nothing in the record to indicate that the City argued issue preclusion. Since the motion was not based upon issue preclusion and since the City did not argue issue preclusion, the trial court erred in basing the appealed order on collateral estoppel along with *res judicata* if that was the intent of the court. We think, however, that the trial judge, as Judge Henderson observed, mistakenly used the terms *res judicata* and collateral estoppel as interchangeable terms.

## III.

The appealed order addressed the merits presented by Price's complaint. The City's motion for summary judgment was based only upon *res judicata*, and no other grounds were argued at the hearing. Thus, the trial judge erred in reaching any other issue in her order. *Friedberg v. Goudeau*, 279 S. C. 561, 309 S. E. (2d) 758 (1983); *Turbeville v. Floyd, supra.*

## CONCLUSION

For the reasons stated, the appealed order is reversed and the case is remanded for purposes of further proceedings in accordance with this decision.

Reversed and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.

