THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Chart House, Inc., a Delaware Corporation,       
Appellant,
 
 
 

v.

 
 
 
Palmetto Bay Club Owners Association, Inc., a/k/a Palmetto Bay Club
HPR; Palmetto Bay Horizontal Property Regime; Cross Island Associates, LLC; W.G.
Shuckers, Inc.; Brighton Bay Associates, LP; and the Yacht Club 
 of Hilton Head Island,        Defendants,
of whom Palmetto Bay Club Owners Association, a/k/a Palmetto Bay Club 
 HPR is        Respondent.
 
 
 

Appeal From Beaufort County
Jackson V. Gregory, Circuit Court Judge
Gerald C. Smoak, Circuit Court Judge

Unpublished Opinion No. 2004-UP-634
Heard October 13, 2004  Filed December 
 15, 2004

REVERSED

 
 
 
James B. Richardson, Jr., of Columbia, for Appellant.
Otto W. Ferrene, of Hilton Head, for Respondent.
 
 
 

HEARN, C.J.:  Chart House, Inc., 
 appeals an order of the circuit court granting summary judgment to Palmetto 
 Bay Club Owners Association, a/k/a Palmetto Bay Club HPR (Palmetto Bay Club) 
 and dismissing Palmetto Bay Club from the case.  We reverse.
FACTS
On November 1, 1978, CHE, Inc., entered 
 into a twenty-five year ground lease for the Chart House Restaurant property 
 at Palmetto Bay Marina on Hilton Head Island.  The Appellant, Chart House, Inc., 
 is CHEs successor in interest.  Palmetto Bay Marina, a partnership entity, 
 was the lessor of the property at that time.  The ground lease granted a leasehold 
 interest in the Chart House property, together with all present and future 
 improvements, Lessors easements, rights of way, servitudes and appurtenances 
 in adjoining and adjacent land . . . .  This lease was never recorded.  
Prior to 1982, Palmetto Bay Marina owned 
 the entire marina area.  Palmetto Bay Marina split into two separate partnerships 
 known as Marina Development Associates and Palmetto Bay Associates.  On October 
 5, 1982, Palmetto Bay Marina conveyed a portion of the real property adjacent 
 to the Chart House tract, including the parcel now owned by Palmetto Bay Club, 
 to Marina Development.  Palmetto Bay Marina assigned the parcel leased to Chart 
 House to Palmetto Bay Associates.  
On October 8, 1982, Marina Development 
 and Palmetto Bay Associates granted each other, by means of a cross easement 
 agreement, reciprocal easements for ingress, egress, and parking in the area 
 between the two properties.  This easement was to run with the title to the 
 Chart House property.  Chart House joined in the agreement for the sole purpose 
 of consenting to the easements, rights and privileges granted pursuant [to the 
 agreement] to the extent such easements, rights and privileges affect[ed] the 
 Chart House property.  This document was subsequently recorded.  
On the same date, Chart House entered 
 into a First Amendment and Modification agreement (Amended Agreement) with 
 Palmetto Bay Associates, its new lessor.  The Amended Agreement referenced both 
 the ground lease and the cross easement agreement, and purported to amend and 
 modify the ground lease.  The parties also executed and recorded a Memorandum 
 of Lease, which referenced the original ground lease.  The Amended Agreement 
 substituted Palmetto Bay Associates for Palmetto Bay Marina as lessor.  In addition, 
 the Amended Agreement contained a section entitled Substitution of Property, 
 which described the leased premises,  substituting Exhibit A of the Amended 
 Agreement for Exhibit A of the ground lease.  This section also contained 
 a release clause providing that CHE hereby acknowledges and agrees that it 
 shall from and after the date hereof have no rights whatsoever in and to any 
 real property under the Lease except for the Property described in the attached 
 Exhibit A.  
At issue is the scope of the effect of 
 the release clause.  Chart House contends, and Palmetto Bay Club does not deny, 
 that the substitution of property was necessary to conform the ground leases 
 description of the premises to the redrawn property lines as a result of the 
 conveyance from Palmetto Bay Marina to Marina Development.  Therefore, Chart 
 House argues that the above-referenced language was intended only as a release 
 of all claims of interest to the real property under the ground lease.  Palmetto 
 Bay Clubs contention is that this language modified not only the ground lease, 
 but the cross easement agreement as well, so as to divest Chart House of any 
 interest in the ingress/egress and parking easement over the Marina Development 
 property.
On March 28, 2001, Chart House filed 
 suit naming several defendants, including Palmetto Bay Club.  The complaint 
 alleged causes of action for (1) nuisance, (2) breach of covenants, and (3) 
 trespass based on Chart Houses rights under both the ground lease, as modified 
 by the Amended Agreement, and the cross easement agreement.  The causes of action 
 for nuisance and trespass dealt with parking and named all the defendants.  
 However, the cause of action for breach of covenant not to compete named only 
 Cross Island Associates, LLC, and its lessee, W.G. Shuckers, Inc., and alleged 
 a breach of the covenant not to compete between Chart House and Palmetto Bay 
 Marina contained in the ground lease, which prohibited Palmetto Bay Marina or 
 its successors from engaging in the restaurant business.  
Both Cross Island and 
 Palmetto Bay Club subsequently moved for partial summary judgment on five nearly 
 identical grounds, all of which went to the enforceability of the ground lease.  
 Palmetto Bay Clubs motion also contained a sixth ground, as follows: That 
 a finding that any of the above are decided in favor of the movant, result [sic] 
 in an order dismissing the movant from the first, second and third causes of 
 action.  Both motions were argued together at Palmetto Bay Clubs request.  
 At the hearing, counsel for Cross Island specified that its motion was directed 
 solely at the covenant not to compete contained in the ground lease and the 
 effect of the Amended Agreement on the lease.  The trial court granted summary 
 judgment to both Cross Island and Palmetto Bay Club on the breach of the covenant 
 not to compete claim.  The court also dismissed both defendants from the action, 
 holding that the release language in the Amended Agreement quoted above operated 
 to divest Chart House of any interest in any property other than its leasehold.  

Chart House filed a 
 timely motion to reconsider, which was denied by Judge Gregory. [1]   Chart House appealed from the 
 order granting summary judgment to Palmetto Bay Club.  
STANDARD OF REVIEW
Summary judgment is appropriate 
 when it is clear there is no genuine issue of material fact and the conclusions 
 and inferences to be drawn from the facts are undisputed.  McClanahan v. 
 Richland County Council, 350 S.C. 433, 437, 567 S.E.2d 240, 242 (2002) (citation 
 omitted).  Additionally, in ruling on a motion for summary judgment, a reviewing 
 court must view the evidence in the light most favorable to the non-moving party.  
 Id. at 438, 567 S.E.2d at 242.  Summary judgment is a drastic remedy.  
 Therefore, it should be cautiously invoked so that a litigant will not be improperly 
 deprived of trial on disputed factual issues.  Cunningham ex rel. Grice 
 v. Helping Hands, Inc., 352 S.C. 485, 491, 575 S.E.2d 549, 552 (2003) (citation 
 omitted).
LAW/ANALYSIS
 Chart House argues that the trial court 
 violated its due process rights in granting summary judgment to Palmetto Bay 
 Club based on grounds not pled in its motion.  We agree.
It is an error of law for a 
 court to decide a case on a ground not before it.  Griffin v. Capital Cash, 
 310 S.C. 288, 294, 423 S.E.2d 143, 147 (Ct. App. 1992) (citation omitted).  
 Due process requires that a litigant be placed on notice of the issues which 
 the court is to consider.  Bass v. Bass, 272 S.C. 177, 180, 249 S.E.2d 
 905, 906 (1978).  One of the basic purposes of a notice of motion is to apprise 
 the opposing party of the relief sought and the grounds therefore.  Turbeville 
 v. Floyd, 288 S.C. 171, 174, 341 S.E.2d 651, 652 (Ct. App. 1986) (quoting 
 Skinner v. Skinner, 257 S.C. 544, 549, 186 S.E.2d 523, 526 (1972)).  
 Thus, a court ordinarily may not grant relief beyond the scope of the notice.  
 Id.  A limited exception to this rule exists when a ground not included 
 in the notice of the motion is nevertheless fully argued before the court without 
 objection.  See Salvo v. Hewitt, Coleman & Assocs., 274 S.C. 
 34, 39, 260 S.E.2d 708, 711 (1979).
In the instant case, Palmetto 
 Bay Club moved for summary judgment on grounds substantially similar to those 
 in Cross Islands motion, and requested that the motions be argued together.  
 At the beginning of the hearing, Cross Island made it very clear that its argument 
 was limited to the breach of covenant issue in Chart Houses second cause of 
 action.  Neither in the notice of motion nor during the hearing did Palmetto 
 Bay Club apprise Chart House that it was arguing the parking easement issue.  
 All of the grounds listed in the notice of motion went to the enforceability 
 of the ground lease.  Palmetto Bay Club did include an averment in its notice 
 requesting that a finding in its favor result in its release on all three causes 
 of action.  However, this vague request did not in any way place Chart House 
 on notice of its theory that one provision in the amended lease agreement effectively 
 nullified a separate agreement Chart House executed that same day with different 
 parties.  In other words, although Palmetto Bay Clubs notice of motion was 
 sufficient to apprise Chart House of the relief sought, it failed to sufficiently 
 allege the grounds therefore.  See Turbeville, 288 S.C. at 174, 
 341 S.E.2d at 652.  
Because summary judgment was granted 
 on grounds that were not included in the motion and were not fully argued at 
 the hearing, we hold that the trial court erred in granting summary judgment 
 and dismissing Palmetto Bay Club from the case.  Accordingly, the order of the 
 trial court is 
 REVERSED and REMANDED. [2] 
HUFF and KITTREDGE, JJ., concur.

 
 [1] The trial judge, Judge Gerald C. Smoak, Sr., retired 
 subsequent to the trial and was replaced by Judge Jackson V. Gregory.  

 
 
 [2] We decline to address Chart Houses remaining issues on appeal.  
 See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 
 598, 613, 518 S.E.2d 591, 598 (1999) (finding that an appellate court need 
 not address remaining issues when disposition of prior issue is dispositive).