0479

Danny K. BURRIS, Respondent, v. LAKE WYLIE MARINA, INC., Appellant.

(330 S. E. (2d) 559)

Court of Appeals

*Earl R. Gatlin,* of *Hayes, Brunson & Gatlin,* Rock Hill, *for appellant.*

*Peter M. Perrill,* Rock Hill, *for respondent.*

Heard March 21, 1985.

Decided May 21, 1985.

SANDERS, Chief Judge:

Respondent Danny K. Burris sued appellant Lake Wylie Marina, Inc., to rescind a contract. The jury returned a verdict in favor of Burris. The Marina appeals. We affirm.

Burris entered into a contract purchasing a boat from the Marina. The sales agent for the Marina assured him that the boat was a "demonstrator." Burris attempted to return the boat after discovering that it was not a demonstrator but a used boat. The Marina refused to take the boat back and Burris brought this action.

Section 36-2-608 of the 1976 Code of Laws of South Carolina provides in part:

> (1) The buyer may revoke his acceptance of a ... unit whose nonconformity substantially impairs its value to him if he has accepted it ... without discovery of such nonconformity if his acceptance was reasonably induced ... by the seller's assurances.

Whether the nonconformity of a product substantially impairs its value to a buyer is a question of fact and not one of law. *Erling v. Homera, Inc.*, 298 N.W. (2d) 478 (N. D. 1980); *McGilbray v. Scholfield Winnebago, Inc.*, 221 Kan. 605, 561 P. (2d) 832 (1977).

The Marina argues that the trial judge erred in failing to grant its motions for nonsuit, directed verdict and judgment notwithstanding the verdict because there is no evidence that the fact the boat was a used boat substantially impaired its value to Burris. We reject this argument. A former employee of the Marina, who had done warranty repair work on the boat before it was discovered that the boat was a used boat, testified as follows:

> Q. Whether it was a new or a demonstrator boat would mean that it would have a warranty as opposed to a used boat not having a warranty?
> A. Yes, sir, I was under the impression of that until at a time it was discovered that it was a used boat and then I didn't do any more warranty work after that.
> Q. So it is a distinct difference between a used or demonstrator boat as far as the warranty is concerned and a used boat?
> A. Yes sir.

Although the former employee had previously testified Burris did not ask him to do any other warranty work on the boat, his testimony as to the boat not having a warranty for

future repairs is evidence which justified submitting the case to the jury and is sufficient to support its verdict. *Cf. South v. Sherwood Chevrolet, Inc.*, 277 S. C. 372, 287 S. E. (2d) 490 (1982). (Affirmed verdict for buyer based on allegation of fraud by seller in representing a 1978 model truck to be a 1979 model.)

Accordingly, the judgment in favor of Burris is

Affirmed.

SHAW and GREGORY, JJ., concur.