1328

Loretto MOCKABEE, Appellant v. WAKEFIELD BUICK, INC. and First Citizens Bank, Respondents.

(380 S. E. (2d) 848)

Court of Appeals

*James J. Raman,* Spartanburg, *for appellant.*

*Michael N. Duncan,* Spartanburg, *for respondents.*

Heard March 17, 1989.

Decided April 24, 1989, as amended May 15, 1989.

CURETON, Judge:

Appellant, Loretto Mockabee, purchased a 1983 Toyota from Wakefield Buick, Inc., on December 15, 1984. Mockabee claims the car had numerous mechanical problems which were never repaired. He sent a letter to Wakefield on October 22, 1986 revoking his acceptance of the purchase. He then sued Wakefield for breach of implied warranty and revocation of acceptance.[1] The trial judge directed a verdict for Wakefield on the revocation of acceptance claim. The jury returned a verdict of $300 for breach of implied warranty. The court refused to award attorney fees. Mockabee appeals the directed verdict and the failure of the court to award him attorney fees.

---

[1] Mockabee sought certain monetary relief on this cause of action.

We affirm.

## I.

After the plaintiff presented his evidence, Wakefield moved for directed verdict on the revocation of acceptance claim. The trial judge granted the motion finding the revocation was not given within a reasonable time due to (1) the delay in giving notice of revocation and (2) "the other facts as testified to about the exercise of ownership by the buyer of the automobile." It is axiomatic that in ruling on a motion for directed verdict the trial court is required to view the evidence and the reasonable inferences to be drawn from it in the light most favorable to the opposing party. If there is more than one inference from the evidence the motion should be denied. *Felder v. K-Mart Corp.*, 297 S. C. 446, 377 S. E. (2d) 332 (1989).

Revocation of acceptance under the Uniform Commercial Code is provided for in *S. C. Code Ann.* Section 36-2-608 (1976). Mockabee argues timeliness of revocation is a fact question for the jury. In this case almost twenty-two months elapsed between date of purchase and date of notice of revocation. Twenty-two months is not *per se* untimely in all situations. However, considering the facts of this case, we concur with the ruling of the trial judge. Viewing the evidence in the light most favorable to Mockabee, there is some evidence he took the car to Wakefield on one occasion shortly after purchase for an oil leak and starting problem. He testified he took it back three or four times sometime during 1985 to complain about problems unspecified in the record. There is no evidence he returned it to Wakefield in 1986. He testified he never took the car to the service department but took it to the used car salesman instead. He also testified when he took it to Wakefield no one looked at the car or took it to the service department but the salesman simply tried to get him to trade for a new car.

Mockabee's testimony fails to establish Wakefield made reasonable assurances to him the car's defects would be cured, thus, delaying his decision to revoke his acceptance. In fact, Wakefield ignored the problems. Based on this evidence and considering the time lapse before notice of revocation was given, the only reasonable inference to be drawn

from the evidence is that the attempted revocation was not timely given in accordance with section 36-2-608(2).

## II.

Mockabee moved for an award of attorney fees after the jury verdict. The Statement of the Case indicates the motion was based upon the South Carolina Uniform Commercial Code and the Magnuson-Moss Warranty Act. The trial court refused to award fees. The court held the South Carolina Uniform Commercial Code did not provide for an award of attorney fees. The court also held that even if the case came within the Magnuson-Moss Warranty Act there should be no recovery of fees because Mockabee never gave Wakefield a reasonable opportunity to cure the alleged breach of warranty.

In South Carolina, attorney fees are generally not recoverable unless authorized by contract or statute. *Baron Data Systems, Inc. v. Loter,* 297 S. C. 382, 377 S. E. (2d) 296 (1989). Mockabee argues attorney fees constitute incidental or consequential damages under *S. C. Code Ann.* Section 36-2-715 (1976). The section makes no specific reference to attorney fees and it has not been interpreted by most appellate courts to allow attorney fees. *See Anno.* 96 A. L. R. (3d) 299 (1980). We decline to read a provision for attorney fees into the language of the section.[2]

Mockabee also argues he is entitled to attorney fees under the Magnuson-Moss Act because the jury found in his favor on a breach of implied warranty claim. Wakefield agrees a purchaser who successfully prosecutes an implied warranty action may be entitled to attorney fees under the Act. An award of attorney fees under the Magnuson-Moss Act, however, is discretionary with the trial court. 15 *U.S.C.S.* Section 2310(d)(2) (1982).

The trial court declined to award attorney fees under Magnuson-Moss because Mockabee never gave Wakefield a reasonable opportunity to cure any alleged breach of warranty. Under Section 2310(e) of the Magnuson-Moss Act no private action for breach of implied warranty

---

[2] The specific language of Section 36-2-715(1) reads "any other reasonable expense incident to the delay or other breach."

may be brought unless the warrantor is given an opportunity to cure the non-conformity. The record is nebulous concerning what complaints Mockabee made to Wakefield. The only specific complaint testified to by Mockabee was the oil leak and starting problem. Other testimony indicates Mockabee did not take the car to the service department with complaints. Invoices show work was performed by persons other than Wakefield. Under this evidence, Mockabee is not entitled to recover attorney fees under the Magnuson-Moss Act. He did not establish in this record specific compaints made to Wakefield which provided it an opportunity to cure. *See Champion Ford Sales, Inc. v. Levine,* 49 Md. App. 547, 433 A. (2d) 1218 (1981).

Mockabee argues in his Petition for Rehearing that the trial court was required under the Manuson-Moss Act to specifically find that an award of attorney fees "would be inappropriate." We find no prejudice to Mockabee. The trial court's order makes it clear that attorney fees are inappropriate because Mockabee failed to give Wakefield an opportunity to cure the defects.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.