THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Harmon James Weldon,       
Appellant,
 
 
 

v.

 
 
 
Tiger Town RV and Marine Center, Inc., Tracker Marine, LP, and Brunswick 
 Corporation, Inc.,        Respondents.
 
 
 

Appeal From Pickens County
Henry F. Floyd, Circuit Court Judge

Unpublished Opinion No. 2004-UP-354
Submitted May 12, 2004  Filed June 
 3, 2004
Withdrawn, Substituted, and Refiled, 
 August 18, 2004

AFFIRMED IN PART, REVERSED IN PART, AND
REMANDED IN PART 

 
 
 
Rivers Lawton McIntosh, of Anderson, for Appellant.
Charles E. Carpenter, S. Elizabeth Brosnan, Leslie A. Cotter, 
 Jr., all of Columbia; and Christopher G. Olson and C. Nicholas Lavery, both 
 of Clemson; and Peter G. Siachos, of Greenville, for Respondents.
 
 
 

PER CURIAM:  In this consumer litigation 
 action over the purchase of a boat, Harmon Weldon appeals the trial courts 
 grant of summary judgment to Tiger Town RV and Marine Center, Inc., Tracker 
 Marine, L.P., and Brunswick Corporation, Inc. on claims for breach of warranty 
 and revocation of acceptance.  We affirm in part and reverse and remand in part.  

FACTS
On February 28, 2001, Weldon purchased 
 a 2000 Procraft 190 SuperPro boat with a 175 horsepower Mercury engine from 
 Tiger Town RV and Marine Center.  Weldon signed the contract and made a down 
 payment of $2,500.00 that day.  He returned the following day to retrieve the 
 boat.  At that time, he was given an In Service Checklist and a Brunswick Outboard 
 Operation, Maintenance & Warranty Manual.  In the manual, Brunswick limited 
 its obligation under the warranty to repairing a defective part, or at its option, 
 refunding the purchase price or replacing the part. It also disclaimed the implied 
 warranties of merchantability and fitness and excluded all incidental and consequential 
 damages.  Weldon asserted he never received a manual or warranty booklet from 
 Tracker Marine.  However, he acknowledges that if such a warranty is in effect, 
 it is the same as that provided by Brunswick.   
 Weldon has experienced numerous problems 
 with the boat.  Even before he picked it up, the boat had a blown fuse.  On 
 March 2, 2001, before Weldon had even put the boat in the water, he discovered 
 a fuel leak.  The boat also needed work on the live well and ignition at this 
 time.  On March 8, Weldon again had problems related to the motor.  The engine 
 would cut off when engaging the trim and the trim gauge did not work properly.  
 The boat would also lose power and fail to accelerate.  Tiger Town placed a 
 call to Brunswick regarding a blown fuse and voltage regulator problem during 
 this service visit.  Around March 14, 2001, Weldon brought the boat back to 
 Tiger Town after experiencing problems with the boats alarm system sounding 
 when the boat hit waves.  There was also a problem with the storage compartment 
 lid.  Around April 21, 2001, Weldon again had problems with the boat losing 
 power and had difficulty starting it.  The cranking battery died and the boat 
 would not plane off.   Through May and June of 2001, Weldon continued to have 
 problems with the boat planning off, the tilt/trim gauge, the starting battery, 
 and the trolling motor.  He also had a problem with the boats fabric cover 
 and compartment covers.   Weldon again returned the boat to Tiger Town with 
 an enumerated list of problems and instructions to keep the boat until all the 
 problems were fixed.  The boat stayed at Tiger Town for six to seven weeks.  
 When Weldon discovered that all of the problems had not been addressed, his 
 attorney delivered a letter to Tiger Town dated August 15, 2001, explaining 
 that Weldon revoked his acceptance of the boat.  Around this same time, Weldon 
 took the boat to test it on the lake, but it would not start.  
On October 24, 2001, Weldon brought suit 
 alleging causes of action for breach of warranty and revocation of acceptance 
 against Brunswick, Tracker, and Tiger Town.  Subsequent to Weldon bringing this 
 action, another wiring problem with the boat was discovered and repaired.  After 
 this repair, Tim Marlowe, a Technical Account Manager for Brunswick, inspected 
 the boat and took the boat out on the water.  He stated in his affidavit that 
 there was no nonconformity or defect regarding the motor.  However, he acknowledged 
 Weldon had alleged that the tilt/trim gauge on the boats console was not properly 
 calibrated.    
Tiger Town, Brunswick, and Tracker moved 
 for summary judgment.  The trial court granted the motions of Brunswick and 
 Tracker as to all causes of action.  The court also granted Tiger Towns motion 
 on the revocation of acceptance claim.  However, it denied Tiger Towns motion 
 on the breach of warranty claim, determining an issue of fact existed as to 
 whether certain oral statements were permissible puffing or created an express 
 warranty.  This appeal followed.   
STANDARD OF REVIEW
To obtain summary judgment, the moving 
 party must demonstrate there is no genuine issue of material fact and the moving 
 party is entitled to a judgment as a matter of law. Wilson v. Moseley, 
 327 S.C. 144, 146, 488 S.E.2d 862, 863 (1997).  In deciding a motion for summary 
 judgment, the court must view the evidence and the inferences that can be drawn 
 therefrom in the light most favorable to the non-moving party. Id. Summary 
 judgment should not be granted even when there is no dispute as to the evidentiary 
 facts, if there is a dispute as to the conclusions to be drawn therefrom.  
 Laurens Emergency Med. Specialists, P.A. v. M.S. Bailey & Sons Bankers, 
 355 S.C. 104, 108-09, 584 S.E.2d 375, 377 (2003). 
LAW/ANALYSIS
Revocation of Acceptance
Weldon argues the trial court erred in 
 granting summary judgment to all defendants on the revocation of acceptance 
 cause of action.  We agree in part.  
The South Carolina Uniform Commercial 
 Code (UCC) sets forth the  elements for revocation of acceptance as follows:

(1)  The buyer may revoke his acceptance of a lot or commercial 
 unit whose nonconformity substantially impairs its value to him if he has accepted 
 it 
 
(a)  on the reasonable assumption that its nonconformity would 
 be cured and it has not been seasonably cured; or 
(b)  without discovery of such nonconformity if his acceptance 
 was reasonably induced either by the difficulty of discovery before acceptance 
 or by the sellers assurances. 
 
(2)  Revocation of acceptance must occur within a reasonable 
 time after the buyer discovers or should have discovered the ground for it and 
 before any substantial change in condition of the goods which is not caused 
 by their own defects. It is not effective until the buyer notifies the seller 
 of it. 
(3)  A buyer who so revokes has the same rights and duties 
 with regard to the goods involved as if he had rejected them.

S.C. Code Ann. § 36-2-608 (2003).
As a ground for granting Brunswick and 
 Tracker Marine summary judgment on Weldons claim for revocation, the trial 
 court held, Because Brunswick and Tracker did not sell the boat to [Weldon], 
 [Weldon] can neither reject nor revoke acceptance of the goods as to these parties.  
 Weldon failed to specifically appeal this holding.  Accordingly, it is the law 
 of the case.  See ML-Lee Acquisition Fund, L.P. v. Deloitte & 
 Touche, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (stating an unappealed 
 ruling is law of the case).  We must therefore affirm the trial courts grant 
 of summary judgment on this issue as to Brunswick and Tracker Marine. 
As to Weldons claim for revocation against 
 Tiger Town, we hold the trial court erred in granting summary judgment.  
In granting Tiger Towns motion, the trial 
 court stated that Weldons continued use of the boat operated as an acceptance 
 and that his revocation was not timely made.  This was error. 
In Mockabee v. Wakefield Buick, Inc., 
 298 S.C. 386, 380 S.E.2d 848 (Ct. App. 1989), a case cited by the trial court, 
 this court ruled a car buyers attempted revocation almost 22 months after the 
 date of purchase was not timely made.  However, the court cautioned that [t]wenty-two 
 months is not per se untimely in all situations. Id. at. 388, 
 380 S.E.2d at 849.  The court in Mockabee noted there was some evidence 
 the buyer brought the car to the dealership shortly after purchase for an oil 
 leak and starting problem and then brought it back three or four times sometime 
 during the first year of ownership to complain about problems unspecified in 
 the record, but there was no evidence he returned it to the dealership in the 
 ten months preceding his attempted revocation. Id.  Furthermore, the 
 buyer never took the car to the service department but took it to the used car 
 salesman instead.  The court found the evidence failed to establish the dealership 
 made reasonable assurances to the buyer the cars defects would be cured thus 
 delaying the buyers decision to revoke his acceptance.  Id.  Instead 
 it showed the buyer ignored the problems.  Id. Thus, the court concluded 
 that based on this evidence and considering the time lapse before notice of 
 revocation was given, the only reasonable inference to be drawn from the evidence 
 is that the attempted revocation was not timely given in accordance with Section 
 36-2-608(2).  Mockabee, 298 S.C. 388-89, 380 S.E.2d at 849.
Unlike the situation in Mockabee, throughout 
 the less than six months between his purchase of the boat and his letter notifying 
 Tiger Town that he was revoking his acceptance of it, Weldon continually delivered 
 the boat to Tiger Town for repairs.  According to Weldon, every time he tried 
 to put the boat in the water, a new problem developed and he has not even used 
 a full tank of gas in the boat yet.  The only evidence of a change in condition 
 of the boat is that it has a few scratches on the hull.  We hold a jury could 
 find Weldon revoked his acceptance within a reasonable time after he discovered 
 or should have discovered the ground for it and before any substantial change 
 in condition of the boat that was not caused by its own defects. 
The trial court also found as a matter 
 of law Weldon did not effectively revoke acceptance because he continued to 
 exert an ownership interest over the boat.  We disagree with this finding.  

When Weldon left the boat at Tiger Town 
 for several weeks during the summer of 2001, Tiger Town threatened to charge 
 him rent for storing the boat if he did not collect it.  In his letter revoking 
 acceptance dated August 15, 2001, Weldon notified Tiger that he would maintain 
 possession of the boat pending a full refund.  There is no evidence in the record 
 Weldon continued to use the boat except for testing it for additional problems.  
 Accordingly, we find a jury could reasonably conclude Weldon had effectively 
 tendered the boat to Tiger Town.  
We furthermore find Weldon presented evidence 
 sufficient to create a genuine issue of material fact as to whether the alleged 
 nonconformity of the boat substantially impaired its value to Weldon.  Whether 
 the goods have a nonconformity that substantially impairs the value of the goods 
 to the buyer is a subjective test.  Herring v. Home Depot, 350 S.C. 373, 
 380, 565 S.E.2d 773, 776 (Ct. App. 2002).  In addition, this is a question of 
 law rather than of fact.  Burris v. Lake Wylie Marina, Inc., 285 S.C. 
 614, 615, 330 S.E.2d 559, 560 (Ct. App. 1985).  As listed above, Weldon has 
 experienced numerous problems with the boat.  He stated in an affidavit, The 
 repetitive nature of the electrical problems makes me [wary] about whether or 
 not these problems have been or could be fixed.  The unrepaired problems and 
 the multiple continuing problems substantially impair the value of the boat 
 to me.   We find a jury issue exists as to whether Weldon has met the subjective 
 test to support a cause of action for revocation of acceptance.  
Accordingly, we hold the trial court erred in granting 
 Tiger Town summary judgment on Weldons claim for revocation of acceptance.  

Breach of Warranty
Weldon contends the trial court erred 
 in granting the summary judgment motions of Brunswick and Tracker as to the 
 breach of warranty claims.  We agree.  
Under the UCC, the parties to a contract for the 
 sale of goods may establish exclusive, limited written warranties and limitation 
 of damages as a remedy for breach thereof.  S.C. Code Ann. § 36-2-719 (2003).  
 The agreement may limit the buyers remedies to repair or replacement of nonconforming 
 goods or parts, and if such remedy is expressly agreed to be exclusive, it is 
 the sole remedy.  Id.  In addition, the agreement may limit or exclude 
 consequential damages unless the limitation or exclusion is unconscionable.  
 Id.  
Weldon contends there are genuine issues of material 
 fact as to whether Brunswick and Tracker created limited warranties.  We agree.  

According to the prevailing interpretation of 
 the Uniform Commercial Code, a disclaimer printed on a label or other document 
 and given to the buyer at the time of delivery of the goods is ineffective if 
 a bargain has already arisen.  Gold Kist, Inc. v. Citizens & Southern 
 Natl Bank of S.C., 286 S.C. 272, 277, 333 S.E.2d 67, 70 (Ct. App. 1985).  
 However, a disclaimer made after the closing of the sale can be made a binding 
 part of the contract if the parties agree to the modification.  Id. at  
 277-78, 333 S.E.2d at 71.  In order to support an agreement to modify, the evidence 
 must reveal that the buyer acquired knowledge of the offered modification and 
 had an opportunity to object to it.  Id. at 278,  333 S.E.2d at 71.
Although Weldon signed the bill of sale on February 
 28, 2001, he was not given Brunswicks warranty manual until he picked up the 
 boat the next day.  Weldon asserts he never received any warranty information 
 from Tracker.  In Brunswicks manual, the limited warranty, disclaimer of implied 
 warranties, and exclusion of consequential damages appear on page nine, with 
 additional information on pages eight, fourteen, and fifteen.  Weldon asserted 
 in his affidavit, The warranty was not pointed out to me or discussed with 
 me, and it was not until I subsequently looked through these materials that 
 I discovered the limited warranty.  Weldon did return the boat to Tiger Town 
 numerous times for repairs, which were made under Brunswicks and Trackers 
 warranties.  However, a jury could reasonably find that Weldon never agreed 
 to be limited to the exclusive remedy of repairing a replacement part.  
Furthermore, even if the limited warranties 
 of both Brunswick and Tracker are in effect, a genuine issue of material fact 
 exists as to whether Weldon may still be entitled to the general remedies provided 
 in the UCC.  Where circumstances cause an exclusive or limited remedy to fail 
 of its essential purpose, remedy may be had as provided in this act."  
 S.C. Code Ann. § 36-2-719(2) (2003).  The official comments to this section 
 explain, [W]here an apparently fair and reasonable clause because of circumstances 
 fails in its purpose or operates to deprive either party of the substantial 
 value of the bargain, it must give way to the general remedy provisions of this 
 Article.
Where a seller is given a reasonable 
 chance to correct defects and the equipment still fails to function properly, 
 the buyer is deprived of the benefits of the limited remedy, and it therefore 
 fails of its essential purpose.  Bishop Logging Co. v. John Deere Indus. 
 Equip. Co., 317 S.C. 520, 533, 455 S.E.2d 183, 191 (Ct. App. 1995).  A jury 
 may justifiably find that the warranty operated to deprive the purchaser of 
 the substantial value of the bargain where the seller was unable to remedy numerous 
 major and minor defects within a reasonable time.  Id. at 533-34, 455 
 S.E.2d at 191 (citing Riley v. Ford Motor Co., 442 F.2d 670 (5th Cir. 
 1971)).  Similarly, the cumulative effect of numerous defects may substantially 
 impair the value of the goods to the buyer; thus, the limited warranty fails 
 of its essential purpose.  Id. at 534, 455 S.E.2d at 191 (citing Murray 
 v. Holiday Rambler, Inc., 265 N.W.2d 513 (1978)). 
Brunswick and Tracker assert that they have repaired 
 every defect in the boat pursuant to the warranties.  However, the evidence 
 demonstrates that as each repair was made, other defects appeared.  Even after 
 Weldon brought this action, a problem with the wiring harness was discovered.  
 Furthermore, the tilt-trim gauge remains defective.  There is evidence in the 
 record that responsibility for this defect is shared by Brunswick and Tracker.  
 We hold a jury could reasonably find Brunswick and Tracker were unable to remedy 
 all of the defects in the boat within a reasonable time and that cumulative 
 effect of these numerous defects substantially impaired the value of the boat 
 to Weldon.  Thus, a genuine issue of material fact exists as to whether the 
 limited warranty has failed of its essential purpose.  
 Finally, Weldon asserts it was premature 
 for the trial court to grant summary judgment as to incidental and consequential 
 damages.  We agree.  
S.C. Code Ann. § 36-2-719(3) (2003), provides, 
 Consequential damages may be limited or excluded unless the limitation or exclusion 
 is unconscionable.  In Bishop Logging, this court held the exclusion 
 of consequential damages must be interpreted in light of the premise of certainty 
 of repair which underlay the entire contract.  317 S.C at 536, 455 S.E.2d at 
 192.  It noted that while the parties obviously agreed to exclude consequential 
 damages in the event that the seller performed its obligation to repair or replace 
 defect, the buyer could reasonably have expected to recover consequential damages 
 when the defects were never adequately corrected and the limited remedy proved 
 ineffectual.  Id.  The court found the failure of the limited remedy 
 in this case materially altered the balance of risk set by the parties in the 
 agreement.  Id. at 536, 455 S.E.2d at 193.   Thus, this court concluded 
 the trial court was correct in allowing the full array of remedies provided 
 by the UCC, including recovery of consequential damages and incidental losses. 
 Id. at 536-37, 455 S.E.2d at 193.  
In the present case, we find the issue 
 of the validity of the limitation on damages should be remanded with the above 
 issues.  Depending on the findings of the jury in the above issues, the court 
 may find that the certainty of repair underlies the limited warranty agreement 
 and that the failure of the limited remedy has materially altered the balance 
 of risk set by the parties in the agreement, rendering the limitation unconscionable 
 and thus unenforceable pursuant to Section 36-2-719(3).
As we find genuine issues of material 
 fact exist as to whether the limited warranties were created, whether such warranties, 
 if in existence, have failed as to their essential purpose, and whether the 
 limitation of damages is unconscionable, we hold the trial court erred in granting 
 Brunswick and Tracker summary judgment on Weldons claims for breach of warranty.  

Conclusion
The trial courts grant of summary judgment 
 to Brunswick and Tracker on Weldons cause of action for revocation is affirmed.  
 The grant of summary to Tiger Town on the revocation cause of action is reversed.  
 The trial courts grant of summary judgment to Brunswick and Tracker on Weldons 
 cause of action for breach of warranty is reversed.  The case is remanded to 
 the trial court for further proceedings consistent with this opinion.
 AFFIRMED IN PART AND REVERSED AND REMANDED 
 IN PART.
 ANDERSON, HUFF, and KITTREDGE, JJ., concur.