THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Douglas R. Patrick and Christine F. Patrick, Respondents,
v.
Daimler Chrysler Corporation, Hoover Jeep-Chrysler-Plymouth, Inc. and Chrysler Financial Company, LLC.,
Appellants.
 
 
 

Appeal From Dorchester County
 Diane Schafer Goodstein, Circuit Court Judge

Memorandum Opinion No.  2006-MO-015
Heard March 22, 2006  Filed May 1, 2006 

AFFIRMED IN PART; REVERSED IN PART

 
 
 
C. Mitchell Brown, of Nelson, Mullins, Riley & Scarborough, of Columbia, and Jeffrey W. Newman, of Nelson, Mullins, Riley & Scarborough, of Greenville, for Appellants.
C. Steven Moskos, of Charleston, for Respondents.
 
 
 

PER CURIAM:  Finding appellants[1] violated the Magnuson-Moss Act (Act),[2] a jury awarded respondents $17,126.40 actual damages and $17,200 for incidental and consequential damages.[3]  The circuit court subsequently granted respondents $73,050 for attorneys fees and $3,282.32 for costs pursuant to the Act.  We affirm the actual damages and the attorneys fee awards, but reverse the $17,200 incidental/consequential damages verdict because we hold appellants warranty effectively disclaimed these types of damages.  
FACTS
The evidence showed that respondents purchased a new 1999 Jeep Cherokee in December 1998 for $15,408.50.  In August 1999 respondents brought the Jeep to the dealer who repaired a problem with the alternator.  Over the next twenty months or so respondents brought the Jeep back to the dealer with various problems.  Respondents brought the Jeep in seven times between September 1999 and December 2000 complaining that the defroster did not work and/or that the speedometer went out.
In September 2000 respondents sent a letter revoking acceptance of the Jeep.  They continued to drive it, however, and to make payments.  The last payment was made in February 2001, at which point the Jeep had approximately 36,000 miles on it.  Respondents drove the vehicle about another 6,000 miles.  Car payments totaling approximately $6,400 were made, and respondents paid the dealership only for routine maintenance and not for any repairs on the vehicle.
ISSUES

 
 
 
 1)
 Whether the trial court erred in permitting the actual damages award to stand?
 
 
 
  
 
 
 2) 
 Whether the trial court erred in finding appellants disclaimer of incidental and consequential damages ineffective?
 
 
 
  
 
 
 3) 
 Whether the attorneys fee award should be reduced?
 
 
 

ANALYSIS
A.     Actual Damages
Appellants raise two contentions regarding the amount of the actual damages award.  First, they contend that they were entitled to a directed verdict or judgment non obstante verdicto (JNOV) because respondents failed to prove actual damages.  We have reviewed the record and find that appellants motion for a directed verdict on the Magnuson-Moss Act claim was made solely on one ground: that respondents failed to give statutory notice required by the Act.  A party may not argue one ground at trial and another on appeal.  E.g., Hanahan v. Simpson, 326 S.C. 140, 485 S.E.2d 903 (1997).  Further, to the extent appellants now seek a new trial nisi remittitur, their post-trial motion does not argue for this relief under the Act.  It is axiomatic that an issue must be raised to and ruled upon by the trial court in order to be preserved for appellate review.  E.g., Elam v. SCDOT, 361 S.C. 9, 602 S.E.2d 772 (2004).  No issue regarding the sufficiency of the evidence of actual damages is before the Court.
Appellants next contend the jurys actual damages award should have been set aside and a new trial granted because it was excessive and speculative as a matter of law.  The record demonstrates that appellants did not seek a new trial under the Act because of any perceived flaw in the jurys actual damages verdict.  Since this assertion of error is raised for the first time on appeal, we do not address it.  Elam, supra.
We affirm the actual damages award.
B.      Incidental/Consequential Damages
The trial court initially granted appellants directed verdict motion on respondents claim for incidental and consequential damages under the Act, but upon reconsideration reversed that decision, finding that under the Act a limitation of such damages must appear on the face of the warranty itself.  See 16 C.F.R. 703.1(h).  At the close of the evidence, appellants renewed their request for a directed verdict on the incidental and consequential damages claim asserting that their warranty effectively disclaimed these damages.  The circuit court again denied the motion, relying on 16 C.F.R. 703.1(h).  Appellants contend this C.F.R is inapplicable, and that their warranty effectively excluded these damages.  We agree, and reverse the $17,200 award.  
The Act requires a supplier who gives a written warranty covering a consumer product costing the consumer more than $10 to meet certain requirements.  15 U.S.C. § 2303.  If the warranty meets the minimum standards set forth in § 2304 of the Act it must be conspicuously designated a full warranty; anything less must be designated a limited warranty.  15 U.S.C. § 2303(a).  There is no dispute that the warranty at issue here is a limited one.
At trial and in their appellants brief, appellants contend the trial court misapplied a regulation applicable only to full warranties to find ineffectual the disclaimer of damages in their limited warranty.  We agree with appellants that 16 C.F.R. 703.1(h), requiring that any exclusion of incidental and consequential damages appear on the face of the warranty, does not apply to limited warranties.  See Sorce v. Naperville Jeep Eagle, Inc., 309 Ill. App. 3d 313, 722 N.E.2d 227 (Ill. Ct. App. 1999).  
In brief, respondents have abandoned reliance on the C.F.R., arguing instead that the award of incidental and consequential damages under the Act should be sustained because the warranty failed of its essential purpose.[4]  The record does not permit us to affirm the award on this ground pursuant to Rule 220(c), SCACR (Court may affirm for any reason appearing in the record).
The record contains only part of the jury charge.  When the jury charge commences in the record, it appears that the court is nearly done charging the jury on the definition of incidental damages.  Following a one paragraph explanation of consequential damages, the court charged this language from S.C. Code Ann. § 36-2-719(c):

Now, I further charge you that where circumstances cause an exclusive or limited remedy to fail for its essential purpose, remedy may be had as provided in this Act.

This isolated sentence, which neither defines the phrase fail for its essential purpose, nor relates the failure to incidental or consequential damages, did not instruct the jury that a failure would justify an award of incidental and consequential damages.
Further, the jury was given a special verdict form.  Under the charging algorithm, the jury was told:

Number four [on the verdict form] says, Have Plaintiffs proved by a preponderance of the evidence that there has been a violation of the Magnuson-Moss Warranty?  You must answer yes or no.
If your answer to number four is yes, then you will proceed to number five wherein you will determine what amount, if any, of incidental or consequential damages did the plaintiffs suffer.
Or if your answer to number four is No, then you would stop.
With regards to number five, then you will consider number five if you find, again by the preponderance of the evidence, that the defendants, if there has been a violation of the Magnuson-Moss Warranty Act, then you will consider what, if any, incidental or consequential damages, as I have defined for you, did the plaintiffs suffer.
And if you find that they have proved, by a preponderance of the evidence, that they have suffered incidental or consequential damages, then you will indicate those damages on the line provided; again in numbers and in words, like you would a check.              

This record cannot fairly be read to support the conclusion that the jury awarded respondents consequential and incidental damages under the Act because it found the limited warranty failed of its essential purpose,[5] rather than because it concluded appellants had violated the Act itself.
The award of $17,200 for incidental and consequential damages is reversed.
C.      Attorneys Fee
The Act permits the court to award as part of the judgment a sum equal to the aggregate amount of costs and expenses (including attorneys fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiffunless the court in its discretion shall determine that such an award of attorneys fees would be inappropriate.  15 U.S.C. § 2310(d)(2).  Appellants appeal the award of $73,050 in attorneys fees under the Act.  While we are troubled by the amount of the award, appellants have failed to preserve for appeal the arguments they now raise.  Hanahan v. Simpson, supra.
Respondents attorney filed an affidavit and supporting documents seeking $71,932.32 in fees and costs.[6]  Appellants filed a memorandum in opposition, acknowledging that the Act permits the award of fees and costs, that the Act does not outline a method for determining the amount, and suggesting the court apply the six-factor analysis adopted by state case law.[7]  Following a hearing on this issue, there was an exchange of acrimonious letters and finally an order awarding fees and costs utilizing the six-factor test was filed.
Appellants now contend the entire fee award should be vacated, citing Mockabee v. Wakefield Buick, 298 S.C. 386, 380 S.E.2d 848 (Ct. App. 1989), because respondents failed to provide notice and an opportunity to cure the defect as required by the Act.  This issue was neither raised nor ruled on below, and is therefore not before the Court in this appeal.  Elam, supra. 
Appellants next contend the trial court erred in permitting respondents counsel to recover fees for time spent on unsuccessful claims, in pursuit of claims against respondent Chrysler Financial, and time spent on unsuccessful motions.  In brief, appellants cite for the first time case law holding that fees attributable to unsuccessful claims and unsuccessful motions are not recoverable under the Act.  As respondents point out, these cases were not called to the trial courts attention: This issue was tried to the trial court as if it were governed solely by South Carolina common law principles, with no reference to attorneys fees decisions under the Act. 
In South Carolina, where claims are intertwined and not all allow an award of fees and costs, the moving party must present an itemized affidavit of attorneys fees.  The burden then shifts to the opposing party to show which fees are clearly unrelated.  See Taylor v. Nix, 307 S.C. 551, 416 S.E.2d 619 (1992).  Respondents counsel presented an affidavit.  While appellants stated in their memorandum in opposition that the affidavit did not adequately differentiate the work attributable to different claims, this issue was not pursued nor was there any ruling by the trial court on the affidavits sufficiency.  Accordingly, appellants cannot now complain about the affidavits precision.  Elam, supra.
The trial court, with appellants assent, decided the attorneys fee award using state law principles without reference to judicial decision interpreting the Act.  Appellants did not meet their burden under Taylor v. Nix, supra, of demonstrating to the trial judge what part of respondents counsels fees were clearly unrelated to the Act.  Under these circumstances, we must affirm the award.
CONCLUSION
We affirm the actual damages and the attorneys fee awards, and reverse the award of incidental and consequential damages.
AFFIRMED IN PART; REVERSED IN PART.
TOAL, C.J., MOORE, WALLER, BURNETT, and PLEICONES, JJ., concur.

[1] Appellants are the vehicles manufacturer, the dealership that sold the vehicle, and the finance company that financed its acquisition.
[2] 15 U.S.C. §§ 2301 et seq. (1998).
[3] Although the case was submitted to the jury on several theories, we are only concerned with the Act on appeal.
[4] A warranty fails of its essential purpose if the seller is unwilling or unable to repair or replace the product or if there is an unreasonable delay in the repair or replacement of the product.  Herring v. Home Depot, Inc., 350 S.C. 373, 565 S.E.2d 773 (2002).
[5] Since we do not conclude the jury made this finding, we need not decide whether an otherwise conscionable limitation or exclusion of consequential damages in a warranty is voided where that warranty fails of its essential purpose.  See S.C. Code Ann. § 36-2-719(2) and (3); Sorce v. Naperville Jeep Eagle, Inc., supra.
[6] The additional portion of the award represents fees and costs incurred in the post-trial proceedings.
[7] See, e.g., Baron Data Systems, Inc. v. Loter, 297 S.C. 382, 377 S.E.2d 296 (1989).